UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN MANTEL,

Plaintiff,

- against -

GANNETT COMPANY, INC., HEARST STATIONS,
INC., HEARST NEWSPAPERS, LLC, TOSHIBA
AMERICA, INC., LENOVO (UNITED STATES) INC.,
GANNETT SATELLITE INFORMATION NETWORK,
LLC, VERIZON COMMUNICATIONS INC., TEGNA,
INC., MICROSOFT CORPORATION, AOL INC., AND
ZAZOOM, LLC

Defendants.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff John Mantel ("Mantel" or "Plaintiff") by and through his undersigned counsel,

as and for his Complaint against Defendants Gannett Company, Inc. ("Gannett Company"),

Hearst Stations, Inc. ("Hearst Stations"), Hearst Newspapers, LLC ("Hearst Newspapers")

Toshiba America Inc. ("Toshiba"), Lenovo (United States) Inc. ("Lenovo"), Gannett Satellite

Information Network, LLC ("Gannett Satellite"), Verizon Communications, Inc., ("Verizon"),

Tegna, Inc. ("Tegna"), Microsoft Corporation ("Microsoft"), AOL INC. ("AOL") and Zazoom,

LLC ("Zazoom") and all together ("Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants

unauthorized reproduction and public display of a copyrighted photograph of Yiru Sun owned

and registered by Mantel, a New York based photojournalist. Accordingly, Mantel seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Mantel is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 60 East 8th Street, #19P, New York, NY 10003.  Mantel's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Gannett is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 7950 Jones Branch Drive, McLean, VA 22107. At all times material hereto, Gannett has owned and operated a website at the URL: www.USAToday.com (the "Websites").

7.      Upon information and belief, Zazoom is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business at 277 Broadway, Suite 1501, New York, NY 10007. Upon information and belief, Zazoom is registered with the New York Department of State, Division of Corporations to do business in

the State of New York. At all times material hereto, Zazoom owns and operates Buzz60 which creates videos.

8.      Upon information and belief, Hearst Stations is a corporation duly organized and existing under the laws of the State of Nevada, with a place of business at 300 West 57th Street, New York, NY 10019. Upon information and belief, Hearst is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Hearst Stations has owned and operated a website at the URL: www.Wbaltv.com.com (the "Websites").

9.      Upon information and belief, Hearst Newspapers is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 300 West 57th Street, New York, NY 10019. At all times material hereto, Hearst Stations has owned and operated a website at the URL: www.MySanAntonio.com (the "Websites").

10.      Upon information and belief, Gannett Satellite is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 7950 Jones Branch Drive, McLean, VA 22107. At all times material hereto, Gannett has owned and operated a website at the URL: www.AzCentral.com (the "Websites").

11.      Upon information and belief, Toshiba is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1251 Avenue of the Americas, New York, New York, 10020. Upon information and belief, Toshiba is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, Toshiba has owned and operated a website at the URL: www.Start.Toshiba.com. (the "Websites").

12.    Upon information and belief, Verizon is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1095 Avenue of the Americas, New York, New York 10016. Upon information and belief, Verizon is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Verizon has owned and operated a website at the URL: www.tv.verizon.com (the "Websites").

13.    Upon information and belief, Tegna is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 7950 Jones Branch Drive, McLean VA 22107. At all times material hereto, Tegan has owned and operated a website at the URL: www.ksdk.com (the "Websites").

14.    Upon information and belief, Microsoft is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at One Microsoft Way, Redmond, WA 98052. At all times material hereto, Microsoft has owned and operated a website at the URL: www.MSN.com (the "Websites").

15.    Upon information and belief, AOL is a corporation duly organized and existing under the laws of Delaware, with a place of business at 770 Broadway, New York, NY 10003. At all times material hereto, AOL has owned and operated a website at the URL: www.AOL.com (the "Websites").

16.    Upon information and belief, Lenovo Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1009 Think Place, Morrisville, NC 27560. Upon information and belief, Lenovo is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all

times material hereto, Lenovo has owned and operated a website at the URL:

www.Start.Lenovo.com (the "Websites").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

17.      On or about May 8, 2016, Mantel photographed Yiru Sun who canceled her

wedding to help needy children and their families (the "Photograph"). The story was not only

covered by the New York press but it also gained national attention. A true and correct copy of

the Photograph is attached hereto as Exhibit A.

18.      Mantel then licensed the Photograph to The New York Post. On February 8, 2016,

The New York Post ran an article that featured the Photograph on its web edition entitled, *Bride*

*won't sign prenup, throws 'wedding party' for poor kids instead.*  See

http://nypost.com/2016/05/08/bride-wont-sign-prenup-throws-wedding-party-for-poor-instead/.

Mantel's name was featured in a gutter credit identifying him as the photographer of the

Photograph. A true and correct copy of the Photograph on the article is attached hereto as Exhibit

B.

19.      Mantel is the author of the Photograph and has at all times been the sole owner of

all right, title and interest in and to the Photograph, including the copyright thereto.

20.      The Photograph is registered with the United States Copyright Office and was

given registration number VA 2-007-059.

**B.      Defendant's Infringing Activities**

21.      Upon information and belief, Defendants ran an article on the Websites entitled

*Bride Refuses to Sign Prenup, Throws 'Reception' for Poor Instead.* See

http://www.usatoday.com/videos/news/nation/2016/05/08/84115844/,

http://www.wbaltv.com/video/buzz60/bride-refuses-to-sign-prenup-throws-reception-for-poor-instead/39440934, http://start.lenovo.com/tv/3/player/vendor/Buzz60/player/sf/asset/buzz60-bride_refuses_to_sign_prenup_throws_reception_for-zazoom,

http://start.toshiba.com/news/read/video/article/buzz60-bride_refuses_to_sign_prenup_throws_reception_for-zazoom,

http://tv.verizon.com/play/92440206, http://www.ksdk.com/life/bride-refuses-to-sign-prenup-throws-reception-for-poor-instead-1/182325390, https://www.msn.com/en-in/video/watch/bride-holds-reception-for-poor-after-wedding-gets-cancelled/vi-BBsMeZV,

http://on.aol.com/video/bride-refuses-to-sign-prenup--throws--reception--for-poor-instead-572f884ce4b059200313569a, http://www.mysanantonio.com/news/us-world/article/Single-mom-calls-off-wedding-over-prenuptial-7421540.php#photo-9977780,

http://archive.azcentral.com/video/4884262775001.  The article prominently featured the Photograph. A true and correct copy of the articles with the Photograph are attached hereto as Exhibit B.

22.    Defendants did not license the Photograph from Plaintiff for its articles, nor did Defendants have Plaintiff's permission or consent to publish the Photograph on its Websites.

23.    Upon information and belief, Defendants removed Mantel's gutter credit.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
### (17 U.S.C. §§ 106, 501)

24.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25.    Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. Defendants are not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

26.     The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27.     Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28.     As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

29.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

30.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

31.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS)
## (17 U.S.C. § 1202)

32.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-31 above.

33.     When the Photograph was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

34.     Upon information and belief, in its article on the Websites, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

35.     The conduct of Defendants violates 17 U.S.C. § 1202(b).

36.     Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

37.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

38.     As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

39.     Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
      July 4, 2016

                                               LIEBOWITZ LAW FIRM, PLLC

                                               By: /s/Richard Liebowitz_____
                                                   Richard P. Liebowitz
                                             11 Sunrise Plaza, Suite 301
                                           Valley Stream, NY 11580
                                           Tel: (516) 233-1660
                                           RL@LiebowitzLawFirm.com

                                           *Attorney for Plaintiff John Mantel*