

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

October 20, 2017

**VIA ECF**

Honorable Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  <u>Mantel v. Gannett Company, Inc.,</u> 1:16-cv-05277 (AJN)

Dear Judge Nathan:

We represent Plaintiff John Mantel in this action and write to respectfully request that the Court take Judicial Notice of the following public record documents:

**(1) U.S. Copyright Registration No. VA 2-007-059, which is attached hereto as <u>Exhibit A</u>; and**

**(2) U.S. Copyright Office Circular FL-124 entitled "Group Registration of Published Photographs" which is attached hereto as <u>Exhibit B</u>.**

By way of background, in their cross-motion for summary judgment, Defendants argue that Plaintiff's copyright registration certificate should be precluded from evidence even though Plaintiff specifically identified the copyright registration number in his initial Complaint [Dkt. # 1, ¶ 20] and Amended Complaint [Dkt. #21, ¶ 20], and even though the certificate and all documents related thereto are matters of public record.

Under Rule 201(d) of the Federal Rules of Evidence, courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It is well-established that courts may take judicial notice of federal copyright registrations.  *See, e.g., Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F.Supp.2d 167, 188 (S.D.N.Y. 2009) (same); *U2 Home Entm't, Inc. v.*



Liebowitz Law Firm, PLLC

*Kylin TV, Inc.*, 06–CV–02770, 2007 WL 2028108 (E.D.N.Y. July 10, 2007) (same); *cf. Duluth News–Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096n. 2 (8th Cir. 1996) (taking judicial notice of trademark registrations published in Patent and Trademark Office's registry).

  Here, Plaintiff seeks judicial notice of facts - a copyright registration certificate and a U.S. Copyright Office circular - that can be readily determined from the exhibits and whose accuracy cannot be reasonably questioned. Indeed, Defendants do <u>not</u> dispute that Plaintiff is in possession of the certificate of registration bearing No. VA 2-007-059 and that the website maintained by the U.S. Copyright Office contains a public record of the certificate. *See* Dkt. #71, Defendants' Response to Plaintiff's Statement Pursuant to Local Rule 56.,1, ¶¶ 10, 11, 13.

  For the foregoing reasons, Plaintiff's request for judicial notice of U.S. Copyright Registration No. VA 2-007-059 and the U.S. Copyright Office circular FL-124 should be granted.

            Respectfully Submitted,

            **/richardliebowitz/**
            Richard Liebowitz

            *Counsel for Plaintiff John Mantel*