UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MANTEL,<br><br>                    Plaintiff<br><br>v.<br><br>GANNET COMPANY, INC., HEARST STATIONS, INC., HEARST NEWSPAPERS LLC, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., LENOVO (UNITED STATES) INC., GANNETT SATELLITE INFORMATION NETWORK, LLC, VERIZON SERVICES CORP., TEGNA, INC., MICROSOFT CORPORATION, AOL INC., AND ZAZOOM, LLC<br><br>                    Defendants | Case No. 16-cv-05277(AJN)<br><br>ECF CASE |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
Edward H. Rosenthal
Andrew J. Ungberg
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................ 1

    I.     PLAINTIFF CONCEDES THAT THERE WAS NO SUBSTANTIAL JUSTIFICATION FOR HIS FAILURE TO PARTICIPATE IN FACT DISCOVERY .................................................................................................................. 1

         A.     Defendants Did Not Concede the Issue of Copyright Validity ......................... 2

         B.     Plaintiff is Not Entitled to Judicial Notice or to Rely on his Pleadings in Lieu of Admissible Evidence ......................................................................... 3

    II.    THE FAIR USE ANALYSIS MUST BE BASED ON USE OF THE PHOTOGRAPH, NOT THE *NEW YORK POST* ARTICLE ....................................... 6

    III.   PLAINTIFF HAS RAISED NO GENUINE ISSUE OF MATERIAL FACT TO SUSTAIN HIS DMCA SECTION 1202 CLAIM ................................................... 6

         A.     Plaintiff Has No Evidence to Support that Defendants Intended to "Induce, Enable or Facilitate" Copyright Infringement ................................... 7

         B.     Plaintiff's Mere Assumption that Defendants "Must Have" Acted with Requisite Intent Does Not Raise a Triable Issue of Fact ................................. 9

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Associated Press v. Meltwater U.S. Holdings, Inc.*,
    931 F. Supp.2d 537 (S.D.N.Y. 2013)........................................................................................6

*Banxcorp v. Costco Wholesale Corp.*,
    723 F. Supp. 2d 596 (S.D.N.Y. 20110).....................................................................................7

*Baum v. Village of Chittenango*,
    218 F.R.D. 36 (N.D.N.Y. 2003)................................................................................................4

*Bristol v. Nassau County*,
    685 Fed. App. 26 (2d Cir. 2017)...............................................................................................5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................................6

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991)....................................................................................................3, 4

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
    756 F. Supp. 2d 1352 (N.D. Fl. 2010) ....................................................................................10

*Friedman v. Live Nation*,
    833 F. 3d 1189 (9th Circuit 2016) ..........................................................................................10

*Kunstler v. City of New York*,
    242 F.R.D. 261 (S.D.N.Y. 2007) ..............................................................................................1

*Newton v. City of New York*,
    640 F. Supp. 2d 426 (S.D.N.Y. 2009)......................................................................................3

*Samuels v. Mockry*,
    77 F.3d 34 (2d Cir. 1996)..........................................................................................................7

*SEC v. Samuel H. Sloan & Co.*,
    369 F. Supp. 994 (S.D.N.Y. 1973) ...........................................................................................4

*SEC v. Strauss*,
    09-cv-4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009).......................................................4

*SimplexGrinnell v. Integrated Systems & Power*,
    642 F.Supp.2d 167 (S.D.N.Y. 2009)........................................................................................5

*Thron v. HarperCollins Publishers, Inc.*,
 01 Civ. 5437(JSR), 2002 WL 1733640 (S.D.N.Y. Jul. 26, 2002) ............................................9

*Ward v. National Geographic Society*,
 208 F. Supp. 2d 429 (S.D.N.Y. 2002) ....................................................................................9

*William Wade Waller Co. v. Nextard Broadcasting, Inc.*,
 4-10-cv-00764 GTE, 2011 WL 2648584 (E.D. Ak. Jul 6, 2011) ..........................................10

*Zalewski v. Cicero Builder Dev., Inc.*,
 754 F.3d 95 (2d Cir. 2014) ......................................................................................................7

**Statutes**

17 U.S.C. 1202(b) ............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 26(a) and (e) ...........................................................................................................1

Fed. R. Civ. P. 37(c) .......................................................................................................................2

Fed. R. Civ. P. 56(c) .......................................................................................................................7

Local Rule 56.1 ...............................................................................................................................2

4 NIMMER ON COPYRIGHT § 12A.10 ...............................................................................................8

Defendants[1] submit this Memorandum of Law in further support of Defendants' Motion for Summary Judgment [Dkt No. 60] (the "Motion") to dismiss all claims asserted in the First Amended Complaint of Plaintiff John Mantel ("Plaintiff" or "Mantel").

## ARGUMENT

### I. PLAINTIFF CONCEDES THAT THERE WAS NO SUBSTANTIAL JUSTIFICATION FOR HIS FAILURE TO PARTICIPATE IN FACT DISCOVERY

Mantel violated Federal Rules 26(a) and (e) by failing to disclose a computation of his damages and by failing to produce any documents in fact discovery, including in response to Defendants' discovery requests, after representing to the Court and to Defendants that he would do so. Accordingly, Mantel is precluded from (i) introducing any evidence to support his claim for damages; and (ii) relying on documentary evidence that he failed to produce in fact discovery. *See* Defendants' Mem. of Law dated Sept. 22, 2017 [Dkt. No. 70] ("Defs. Mem.") at 6–13.

In opposing the Motion, Mantel made no effort to dispute that his conduct violated the Federal Rules, or that his failure to participate in discovery was "substantially justified" or "harmless" under the law. *See Kunstler v. City of New York*, 242 F.R.D. 261, 264-65 (S.D.N.Y. 2007) (noting that the burden of proof rests with the party who has failed to disclose information in discovery). In fact, Mantel fails to address at all *why* the 059 Registration was not produced in discovery, but instead focuses exclusively on procedural arguments that would negate the consequences of his negligence. First, wrongly Mantel asserts that Defendants concede the issue of copyright validity. Second, he urges the Court to ignore his misconduct and allow him to rely

---

[1] All capitalized terms not otherwise defined have the meanings set out in Defendants' Memorandum of Law [Dkt. No. 70].

on the 059 Registration because it is "incorporated by reference into the complaint" and a "matter of public record." *See* Plaintiff's Mem. of Law dated Oct. 20, 2017 [Dkt. No. 74] ("Pls. Opp.") at 8–9.  For the reasons discussed below, both of these arguments fail.  Furthermore, by not putting forward any basis to excuse his failure to participate in discovery, Mantel has conceded the argument; accordingly, preclusion of his documentary evidence is warranted under Federal Rule 37(c) and the Court's inherent power.  *See* Defs. Mem. at 8–9.

A.     **Defendants Did Not Concede the Issue of Copyright Validity**

Defendants vigorously dispute that Mantel is entitled to the presumption of validity or ownership of the Photograph precisely because Mantel has failed to properly introduce the 059 Registration in this action.  *See* Defs. Mem. at 6–14.  The fact that Defendants acknowledge that Mantel *possesses* the 059 Registration[2] does not undercut this argument; if anything, the fact that Mantel had the registration in his possession, custody and control but failed to produce it any point in discovery only strengthens the need for preclusion.

More broadly, Mantel's argument based on the presumption of validity fails because it merely begs the question: he maintains that he should be allowed to submit the 059 Registration, which was not otherwise produced in an action, because if he *did* submit the registration, then he would be entitled to the statutory presumption that the registration is valid.  The whole edifice falls apart, however, because Mantel failed to do what is required for the presumption of validity to arise in the first instance, *i.e.* produce a valid copyright registration.

---

[2] Specifically, Defendants' Local Rule 56.1 statement acknowledges that Mantel possesses the 059 Registration, but objects that the registration covers the Photograph on the grounds that he has no admissible evidence to support that claim.  *See id.* at ¶¶10–13 [Dkt. No. 71].  Mantel's argument relies on a misleadingly narrow reading of Defendants' statement that cannot withstand objective scrutiny.

2

**B.     Plaintiff is Not Entitled to Judicial Notice or to Rely on his Pleadings in Lieu of Admissible Evidence**

Alternatively, Mantel claims that that while he did not produce the 059 Registration during fact discovery, he should be allowed to introduce it now because (i) the registration was referenced in his complaint, or else (ii) because the Court may take judicial notice of the registration. *See* Pls. Opp. at 9.  These arguments ignore, however, that Mantel's own negligence is the reason that the registrations were never submitted in this case.  Were this Court to use judicial notice or some other procedural work-around to rescue Mantel from the consequences of actions, [3] it would only reward Mantel's conduct and incentivize other plaintiffs to blatantly disregard the discovery process in the future.  It would also severely prejudice Defendants, who were never given the opportunity to test the validity of the 059 Registration or even to determine if the photograph that is the subject of this litigation was properly registered.  This Court should disregard Mantel's procedural arguments, each of which fail as a matter of law.

*First*, whether the 059 Registration was incorporated by reference into Mantel's complaint is irrelevant at this phase of litigation.  While a plaintiff is entitled to rely on allegations in his complaint at the motion to dismiss stage, "for summary judgment, each party must proceed on the basis of admissible evidence" and "[a] *complaint is not evidence*, except insofar as it contains admissions."  *See Newton v. City of New York*, 640 F. Supp. 2d 426, 448 (S.D.N.Y. 2009) (emphasis added).  Indeed, the case on which Mantel relies, *Cortec Indus., Inc.*

---

[3] This is not a case where a procedural failure can be excused due to a party's lack of sophistication.  Mantel's counsel, the Liebowitz Law Firm PLLC, is responsible for filing hundreds of copyright infringement actions in the Southern District alone.  It strains credulity that this firm, which holds itself out as specialists in copyright litigation, would not know that a copyright registration was necessary to support Mantel's claim for infringement.

3

*v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) is inapplicable here precisely because it dealt with an appeal on motion to dismiss. *See id.* at 44. As the plaintiff, Mantel's burden at summary judgment is to put forward admissible evidence to support his claims; he cannot discharge that burden by relying on a document merely referenced in his complaint.

*Second*, the fact that a copyright registration might be considered a public document does not absolve Mantel of his burden of proof, *i.e.* to put forward evidence that establishes the essential elements of his cause of action. Each of the cases that Mantel cites involve instances in which a party, in mid-discovery, moved to compel the disclosure of documents that would support its own cause of action or affirmative defense. *See SEC v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973) (declining to compel SEC to produce a publically-available hearing transcript that defendant needed to support his appeal of an administrative finding); *SEC v. Strauss*, No. 09 Civ.4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009) (refusing to require SEC to share access to third-party database of financial records maintained by defendants' company's auditors); *Baum v. Village of Chittenango*, 218 F.R.D. 36, 40–41 (N.D.N.Y. 2003) (refusing to order defendants to supply plaintiff with publically-available hearing transcript, which she contended would support her claim for wrongful discharge). None of these cases, however, support Mantel's argument, which is that somehow *defendants* are responsible for sleuthing out the documents that support *Mantel's* case.[4]

---

[4] If anything, *Baum* supports Defendants' argument that they had no obligation to find and introduce documents that support Mantel's case. In denying plaintiff's motion to compel, the court in *Baum* noted that requiring the defendant to find and produce documents that were equally available to plaintiff would run counter to the principle that "parties are generally responsible for their own costs, and *their adversaries are not obligated to finance their litigation*." *Baum*, 218 F.R.D. at 41 (emphasis added). So too here. If a copyright registration is equally available to both Mantel and Defendants, then the party responsible for bearing the cost of obtaining the registration ought to be Mantel, as the party who intends to rely on the evidence

4

*Finally*, whether to take judicial notice of a fact is within the Court's discretion, and ought to be reserved for minor factual issues that are free from reasonable dispute. *See Bristol v. Nassau County*, 685 Fed. App. 26, 28 (2d Cir. 2017) (holding that district court's refusal to take judicial notice of certain submissions was not an abuse of discretion). Here, Mantel's misconduct and Defendants' request for preclusion warrant denying Mantel the benefit of judicial notice. Furthermore, none of Mantel's cited authority supports the discretionary use of judicial notice in a case such as this, where the plaintiff has otherwise failed to introduce any documentary evidence to support his claim of infringement. For example, in *Island Software v. Microsoft Corp.*, the record showed that plaintiffs had produced copies of their copyright registrations, but that defendants disputed the authenticity of those copies. *Id.* at 413 F.3d 257, 261 (2d Cir. 2005) . The Second Circuit merely held that the district court had not erred in resolving the issue of copyright ownership on the basis of unauthenticated registrations. *Id.* at 261. It did *not* hold that a plaintiff is entitled to invoke judicial notice of the U.S. Copyright Office's records where the plaintiff had failed to produce any evidence of its registration in the first place. Conversely, *SimplexGrinnell* is not about judicial notice, but whether a court has jurisdiction over the infringement of unregistered derivative works. *SimplexGrinnell v. Integrated Systems & Power*, 642 F.Supp.2d 167, 188 (S.D.N.Y. 2009). There, the plaintiff had submitted registrations covering certain software code, but sought to assert allegations of infringement based on other, unregistered sub-versions of the code. *Id*. The court, however, declined to hear those claims, finding that the sub-versions of the registered code constituted separate, derivative works in which the court lacked jurisdiction. *Id*. ("There is nothing

---

in his affirmative case. To hold otherwise would improperly shift the costs of investigating Mantel's lawsuit to his opponents.

5

suggesting that SimplexGrinnell is not also the owner of valid copyrights in additional versions, but as these are the only registered versions of the software…the Court is without jurisdiction to entertain claims based on alleged infringement of any other version" (citations omitted)).  In neither case was there a suggestion that plaintiffs failed to participate in fact discovery.

In short, this Court should not take judicial notice of Mantel's copyright registration on these facts, and therefore rescue Mantel from the consequences of his failure to cooperate in discovery.  Such a ruling would set a dangerous precedent that would encourage future litigants to disregard their obligations under the Federal Rules.

## II.     THE FAIR USE ANALYSIS MUST BE BASED ON USE OF THE PHOTOGRAPH, NOT THE *NEW YORK POST* ARTICLE

Defendants anticipated and addressed the vast majority of Mantel's arguments against fair use in their opening brief and, for the sake of economy, incorporate those points by reference here.  *See* Defs. Mem. at 16–25.  But in addition, Mantel falls short because he relies on case law, including *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp.2d 537 (S.D.N.Y. 2013), which deals with circumstances in which one news reporting company is alleged to have infringed the protected news articles of a rival.  *See id.* at 542 (describing allegations that defendant merely "scraped" articles off of plaintiff's website).  That is not the case here; Mantel is not suing on behalf of the *New York Post*, and the work that he alleges has been infringed is not a news article, but only his Photograph of Ms. Sun.  Accordingly, for the purposes of the transformative use test, the proper comparison must be between the Photograph and the Video, *not* the *New York Post* article and the Video.

## III.    PLAINTIFF HAS RAISED NO GENUINE ISSUE OF MATERIAL FACT TO SUSTAIN HIS DMCA SECTION 1202 CLAIM

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp.* 477 U.S. at 323–24.  Summary judgment must

6

be granted if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Defendants are therefore entitled to summary judgment dismissing Mantel's DMCA Section 1202 claim because he has failed to "produc[e] specific facts showing that there is a genuine issue of material fact for trial".  *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996); *see also Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 107 (2d Cir. 2014) (affirming that DMCA claim "was properly dismissed on summary judgment because it had no support in the record").

Mantel acknowledges that he must show that Defendants acted with requisite intent.  *See* Pls. Opp. at 32 (citing *Banxcorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596 (S.D.N.Y. 2010).  But because Mantel has no evidence of Defendants' intent, he instead asserts two highly-speculative theories in the hope of raising a triable issue: first, that the Video alone somehow establishes that Defendants violated the DMCA; and second, that the Court should simply assume that Defendants acted with the requisite intent because the defendants are "sophisticated" media companies.  *See* Pls. Opp. at 33–35.  Neither of these arguments is sufficient to make up for Mantel's total failure of evidence; his DMCA claim must be dismissed.

**A.      Plaintiff Has No Evidence to Support that Defendants Intended to "Induce, Enable or Facilitate" Copyright Infringement.**

To establish a claim for violation of DMCA Section 1202, Mantel must show that (i) the Photograph contained CMI; (ii) Defendants either removed or altered of the CMI, or distributed the Photograph knowing that such CMI had been removed or altered; and (iii) Defendants acted with the intent to "induce, enable, facilitate, or conceal" copyright infringement.  *See Banxcorp* at 723 F. Supp. 2d at 609–10.  Here, however, Mantel has introduced no evidence whatsoever that Defendants intentionally altered or removed his CMI, or did so with the intent to promote copyright infringement — no email communications between or among Defendants' employees,

7

no deposition testimony or admissions, and no confidential witness statements from anyone involved in the creation of the Video. In short, Mantel has none of the types of proof one would expect from a plaintiff who must prove fraud or scienter.

Mantel concedes, as he must, that the Video displays the Photograph in context alongside his *New York Post* credit. Pls. Opp. at 32–33. He then attempts to argue that, because the credit is not displayed *every single time* the Photograph is shown in the Video,[5] "a reasonable jury could find that Zazoom both removed the CMI and distributed the [] Photograph knowing that such CMI had been removed." Pls. Opp. at 32–33. Mantel's mere speculation based on the Video, without any other evidence, does not raise a triable issue of fact.

Even assuming, *arguendo*, that the Video does constitute "alteration" of the credit, Mantel has no evidence that Zazoom did so with the intent to "induce, enable, facilitate, or conceal" copyright infringement, which is a necessary element of the claim. Instead, Mantel conflates this required intent element with "knowing that such CMI ha[d] been removed," which is a separate basis for liability under the DMCA. *See* 17 U.S.C. § 1202(b)(1) and (b)(2). But, regardless of the basis for liability — removal or alteration of CMI, or distributing altered works — a plaintiff must still establish that the defendant engaged in such content with the necessary intent. *See* 4 Nimmer on Copyright § 12A.10 ("[T]he defendant must know that his conduct 'will induce, enable, facilitate, or conceal an infringement of any right under' United States copyright law. Given how many sources have reproduced the statute erroneously, *it bears emphasis that abetting language applies separately from each of the three prongs*.") (emphasis

---

[5] Mantel assumes, without any case law or other legal support, that the Video would constitute "alteration" of Mantel's CMI within the meaning of 17 U.S.C. 1202(b) based on the fact that the credit is not displayed alongside the Photograph every time it appears in the Video. Noting in the text of the statute, however, requires such an exacting standard.

added).  Here, however, Mantel cannot show evidence of intent; nothing in the Video shows that Zazoom — or any other Defendant — intended to promote or conceal copyright infringement. To the contrary, a reasonable trier of fact could just as easily conclude that, by presenting the Photograph in context with Mantel's credit, Defendants intended to provide Mantel with attribution.

Stepping back, Mantel's argument boils down to the assertion that removing or altering CMI is itself sufficient to give rise to an inference that the defendant acted with improper intent. Mantel's reading of the statute must fail because it would essentially eliminate the element of intent from Section 1202 altogether.  This is not the law.  *See Thron v. HarperCollins Publishers, Inc.*, No. 01 Civ. 5437(JSR), 2002 WL 1733640, at *1 (S.D.N.Y. Jul. 26, 2002) (finding dismissal of DMCA claim warranted where plaintiff "offered no competent, admissible evidence to support any finding that defendants removed or altered [] information 'intentionally,' as required by the statute").

### B. Plaintiff's Mere Assumption that Defendants "Must Have" Acted with Requisite Intent Does Not Raise a Triable Issue of Fact

In a last-ditch effort to save his DMCA claim, Mantel resorts to simply asserting that Zazoom and the Defendants *must* have had improper intent, because they are "sophisticated" media companies. Pls. Opp. at 34.  As before, this argument runs afoul of the plain text of Section 1202; adopting this reading would require that this Court create a two-tier liability standard in the law where none exists, rewriting Section 1202 to eliminate the need for intent evidence if a plaintiff can argue that the defendant is a media company who "had to know" what it was doing would promote copyright infringement.  Such a groundbreaking reinterpretation of copyright law is not warranted on the facts of this case, and has been rejected by district courts in this circuit and elsewhere.  *See Ward v. National Geographic Society*, 208 F. Supp. 2d 429, 449-

9

50 (S.D.N.Y. 2002) (rejecting plaintiff's argument that defendant could be held liable on the ground that it "had to know," where plaintiff had failed to introduce evidence of requisite intent.)[6] In the complete absence of evidence establishing Defendants' wrongful intent, Mantel has failed to raise an issue for trial and his DMCA claim should be dismissed in its entirety.

## CONCLUSION

For each of the foregoing reasons, the Court should grant Defendants' motion for summary judgment on Plaintiff's copyright infringement and DMCA § 1202 claim, dismissing each in their entirety, and enter judgment in favor of Defendants.

Dated: November 6, 2017

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
By:  /s/ Andrew J. Ungberg
Andrew J. Ungberg
Edward H. Rosenthal
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*

---

[6] *See also Faulkner Press, L.L.C. v. Class Notes, L.L.C.,* 756 F. Supp. 2d 1352, 1360 (N.D. Fl. 2010) (dismissing DMCA claim where plaintiff "presented no evidence to show that [defendant] altered the information with intent to aid infringement"); *William Wade Waller Co. v. Nexstar Broadcasting, Inc.*, No. 4-10 Civ. 00764 GTE, 2011 WL 2648584, at *5 (E.D. Ak. Jul 6, 2011) (dismissing DMCA claim on summary judgment based on lack of evidence where plaintiff asked that court "simply assume" defendant "must have possessed requisite intent.").

Mantel's reliance on *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1189 (9th Circuit 2016) is misplaced. *Friedman* is a relatively recent Ninth Circuit decision; its expansive reading of Section 1202's intent requirement has not been considered, much less adopted, by any courts in the Second Circuit. This Court should not be the first to do so. But, setting aside whether *Friedman* reflects a reasonable interpretation of the statutory language, the Ninth Circuit reversed the lower court based on evidence that the plaintiff had introduced on the record, including an internal email that supported, however weakly, an inference that the defendant acted with intent. *Id.* at 1187–88. Even if *Friedman* stands for the proposition that an inference may be warranted on the basis of modest evidence, it is inapplicable here, where Mantel lacks *any* actual evidence and has instead relied on pure speculation.