UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Mantel,

            Plaintiff,

—v—

Microsoft Corporation et al.,

            Defendants.

16-cv-5277 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

This case concerns alleged violations of the Copyright Act and Digital Millennium Copyright Act arising from the unauthorized use of a photograph taken by the Plaintiff. Before the Court are the Defendants' motion for summary judgment and the Plaintiff's motion for partial summary judgment. For the reasons explained below, the Defendants' motion is granted and Plaintiff's motion is denied.

## I. Background

Plaintiff John Mantel is a professional photojournalist who licenses photographs to publishers for a fee. Pl.'s 56.1 Statement, Dkt. No. 63, ¶ 1. On May 8, 2016, Mantel photographed a woman named Yiru Sun who had canceled her wedding to help needy children. Pl.'s 56.1 Statement ¶ 3. Mantel licensed the photograph to the *New York Post*, which ran an article entitled "Bride won't sign prenup, throws 'wedding party' for poor kids instead" on its website featuring the photograph. Pl.'s 56.1 Statement ¶¶ 6-7. The *New York Post* attributed the photograph to Mantel in a gutter credit. Pl.'s 56.1 Statement ¶ 8. Also on May 8, 2016, Mantel's photograph appeared in a video that was featured on websites owned by the Defendants. Pl.'s 56.1 Statement ¶¶ 15, 17-18, 22, 24-25, 29, 31-32, 36, 38-39, 43, 45-46, 50, 52-53, 57, 59-60, 64, 66-67, 71, 73-74, 78, 80-81, 85-86. The Defendants did not have licenses

1

to publish Mantel's photograph. Pl.'s 56.1 Statement ¶¶ 20, 27, 34, 41, 48, 55, 62, 69, 76, 83, 87.

Mantel filed a complaint against the Defendants on July 4, 2016. *See* Complaint, Dkt. No. 1. He filed a First Amended Complaint on September 12, 2016, *see* FAC, Dkt. No. 21, and the Defendants filed an Answer to the First Amended Complaint on September 26, 2016, Answer, Dkt. No. 36. On January 27, 2017, the Court held an initial pretrial conference with the parties. *See* Tr. of Jan. 27, 2017. During that conference, the Court admonished the parties that, with respect to discovery, "please do what you need to do sooner rather than later." Tr. of Jan. 27, 2017 at 4:11-12. The Court further told the parties that if they experienced any discovery disputes during the course of discovery, "you can come to me with your dispute pursuant to my rules. I will give you a quick resolution so we can keep the case moving forward." Tr. of Jan. 27, 2017 at 4:13-16. Finally, the Court warned the parties that "[b]arring any unusual circumstances, the schedule I put you on today will be the schedule that controls the case." Tr. of Jan. 27, 2017 at 4:17-18. The Court subsequently accepted the discovery schedule that the parties proposed, pursuant to which fact discovery would be completed by May 27, 2017. Case Mgmt. Plan, Dkt. No. 45, at 2; *see also* Proposed Case Mgmt. Plan, Dkt. No. 44, at 2.

During the discovery process, on February 13, 2017, the Plaintiff provided his Rule 26(a)(1) initial disclosures. Pl.'s Initial Disclosures, Dkt. No. 67-5. In these initial disclosures, Mantel stated that among the things in his possession that he may use to support his claims were "[the] Photograph at issue," the "[l]icensing history of the Photograph," and "[t]he US Copyright Registration of the Photograph." Pl.'s Initial Disclosures at 3. In response, the Defendants requested, among other things:

> All documents relating to Plaintiff's allegation in the Complaint at Paragraph 20 that "[t]he Photograph is registered with the United States Copyright Office and was given registration number VA 2-007-059," including, without limitation, a certified copyright registration complete with deposit copies showing the Photograph and all other photographs registered under registration number VA 2-007-059.

2

> . . . .
>
> All communications between Plaintiff, or anyone acting on Plaintiff's behalf, and the Copyright Office regarding the Photograph or any other work registered under number VA 2-007-059.

Pl.'s Responses & Objections to D.s' First Set of Document Requests ("Pl. Responses"), Dkt. No. 67-3, at 5. In response to Defendants' requests, the Plaintiff stated that he would "use commercially reasonable efforts to produce responsive, non-privileged documents." Pl. Responses at 5. Plaintiff filed these responses on March 14, 2017. Pl. Responses at 10. The parties do not dispute that no such documents were ever produced by the Plaintiff. *See* D.s' 56.1 Statement, Dkt. No. 71, ¶ 13; Ungberg Decl., Dkt. No. 67, ¶ 7; Pl. Reply Memo. and Memo. in Opp. ("Reply"), Dkt. No. 74, at 7. Neither party raised a discovery dispute with the Court or requested an extension of the discovery deadline. *See generally* Docket.

On July 14, 2017, the Court held a post-discovery conference with the parties. *See* Tr. of July 14, 2017, Dkt. No. 72. At that conference, Plaintiff requested to produce "highly relevant documents from a third party that contain licensing information concerning the photograph at issue" that had not been produced before the close of fact discovery. Tr. of July 14, 2017 at 2:20-3:04. Defendants opposed reopening discovery to allow the documents in "more than five weeks after the close of fact discovery" because, Defendants argued, it was highly prejudicial because settlement discussions had already taken place and because Plaintiff had "failed to actually produce any information in discovery." Tr. of July 14, 2017 at 3:05-16. Defendants also noted that the documents had been requested in January, Plaintiff stated in March that he would produce documents, and "[n]othing happened for weeks after that," including "six weeks after the close of fact discovery." Tr. of July 14, 2017 at 4:15-22. The Court denied the request to reopen fact discovery to allow the licensing documents to be produced, stating,

3

> I am a believer in sticking to the schedule. I don't know if this is express gamesmanship but it has that feeling. And certainly it's the obligation of parties to communicate with each other and with the Court if you need more time for something, but what you can't do is not say anything, wait, go into a settlement conference and announce some new document that's never been seen before and, when those settlement discussions fall through, to seek to expand discovery. It's highly prejudicial.
>
> I was clear in setting the schedule, as I am in my cases, that barring exceptional circumstances, we'll stick to the schedule. And no such circumstances have been shown here. So there will not be a reopening of the schedule.

Tr. of July 14, 2017 at 6:19-7:06. The Plaintiff did not mention any other evidence that he sought to put into the record despite the close of fact discovery.

On August 25, 2017, the Plaintiff filed a motion for partial summary judgment, Dkt. No. 61, and the Defendants filed a motion for summary judgment, Dkt. No. 60.

## II. Legal Standard

Summary judgment is appropriate when, after reviewing the parties' submissions in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In seeking summary judgment, the initial "burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). Where the non-moving party would bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant "demonstrates 'the absence of a genuine issue of material fact,' the

opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted) (quoting *Celotex Corp.*, 477 U.S. at 323). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

## III. Discussion

Defendants move for summary judgment arguing, in part, that the Plaintiff Mantel cannot demonstrate using admissible evidence that he had a valid copyright. D. Memo. in Support ("Support"), Dkt. No. 70, at 13-14. The Court agrees.

"In order to demonstrate copyright infringement, a plaintiff must show ownership of a valid copyright and copying of the protectable elements of the copyrighted work." *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). A certificate of registration from the U.S. Copyright Office "constitute[s] prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c); *see also Scholz Design*, 691 F.3d at 186 ("A certificate of copyright registration is prima facie evidence of ownership of a valid copyright, but the alleged infringer may rebut that presumption.").

In the present case, Mantel is in possession of a certificate of registration from the U.S. Copyright Office bearing the registration number VA 2-007-059 ("059 Registration"). Pl.'s 56.1 Statement ¶ 10; D.s' 56.1 Statement ¶ 13. The 059 Registration is a group registration of 25 photographs taken by Mantel "all published 1/5/2016-6/15/2016." Certificate of Registration, Dkt. No. 66-3. While a copy of the 059 Registration certificate was not produced by Mantel during discovery, district courts are "entitled to take judicial notice of . . . federal copyright

5

registrations, as published in the Copyright Office's registry." *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). However, the 059 Registration certificate does not identify the 25 photographs that are protected by that copyright registration. As a result, the Court concludes that the Plaintiff cannot point to any "hard evidence," *D'Amico*, 132 F.3d at 149, that the photograph Mantel took of Yiru Sun was one of the photographs registered with the Copyright Office as part of the 059 Registration.

Mantel identifies two pieces of evidence proving that his photograph is part of the 059 Registration: (1) his sworn declaration stating that he "caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of my application bearing service request #1-3653740711, dated June 16, 2016," Mantel Decl., Dkt. No. 66, ¶ 12, and (2) a copy of the copyright registration application that Mantel sent to the U.S. Copyright Office, Copyright Application, Dkt. No. 66-5. *See* Reply at 12-13. Neither document, nor the information contained in them, was provided to the Defendants during the course of discovery. Mantel Decl. at 10 (dated Aug. 23, 2017); Support at 4.

Even assuming that this evidence would be sufficient to survive a motion for summary judgment on the issue of possession of a valid copyright, it was not produced during discovery, and the Court concludes that it is appropriate in this case to prevent the Plaintiff from supplementing the factual record on this motion for summary judgment with information and material that was withheld during the course of discovery. In considering whether a discovery sanction is appropriate, the Court must consider "the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the [excluded evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Design Strategy Inc. v. Davis*, 469 F.3d

284, 296 (2d Cir. 2006) (first alteration in original) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). These considerations favor the exclusion of this late-produced evidence and testimony.

First, Mantel has provided no justification for his failure to produce documents in his possession regarding the copyright registration except to state that Defendants also could have "obtain[ed] certified copies of deposits from the U.S. Copyright Office." Reply at 12. However, Plaintiff represented that he had these documents in his possession, Pl.'s Initial Disclosures at 3, Defendants requested the documents early in the discovery process, Pl. Responses at 5, and the Plaintiff told the Defendants that he would produce the documents to them, Pl. Responses at 5. Defendants were entitled to rely on his representations and not seek their own certified copy of those same documents. In addition, the Plaintiff failed to produce any discovery during the months-long discovery process without seeking an extension of the deadline or even informing Defendants that other testimony or documents would be forthcoming. *See* Tr. of July 14, 2017 at 3:01-7:06. Indeed, the Plaintiff was put on clear notice at the post-discovery conference that late efforts to produce discovery would not be tolerated. Tr. of July 14, 2017 at 7:03-06. Nevertheless, the Plaintiff's effort to rely on unproduced evidence came after that warning. As a result, although the Court recognizes that the excluded evidence is plainly important, it would be awarding gamesmanship and a failure to follow the rules if the Court allowed the evidence into the record.

Moreover, the Defendants have been prejudiced by Plaintiff's failure to provide his testimony or the actual registration application documents during discovery and would be further prejudiced if forced to meet the new evidence now. Plaintiff and Defendants engaged in settlement negotiations, in which the Defendants' settlement offers were informed by the

evidence that had been produced by the Plaintiff. Tr. of July 14, 2017 at 4:22-5:04, 6:21-7:02. In addition, Defendants filed for summary judgment specifically because the Plaintiff had never provided testimony or documentation proving that the photograph at issue was protected by a copyright. Support at 10. It would thus be highly prejudicial to Defendants to allow the Plaintiff to supplement the record with dispositive evidence after the motions for summary judgment have been fully briefed. Allowing the Plaintiff to put his testimony or his registration application into the record now would require discovery to be reopened because it would require Defendants to conduct further discovery, including potentially depositions, and to adopt a very different litigation strategy. Reopening discovery would thus delay this litigation and incur additional expenses by the parties that are difficult to quantify. Finally, although a trial date has not yet been set, and thus the fourth factor does not weigh heavily against the Plaintiff, the bell cannot be unrung with regard to the time and money devoted by the parties to summary judgment based on the evidentiary record as developed. Because a continuance cannot alleviate the prejudice Defendants would experience if discovery were reopened at this late stage, the Court concludes that the fourth factor does weigh in Defendants' favor. Thus, the Court concludes that Mantel's affidavit and copyright registration application will not be allowed to supplement the discovery record. With this evidence properly excluded, there is nothing from which to infer that the photograph of Yiru Sun is part of the 059 Registration in Mantel's possession.

Mantel argues that the Defendants have not met their burden "to prove [the] invalidity of the [059] Registration" and that the only way Defendants can undermine the validity of the 059 Registration is to "allege that the plaintiff committed fraud on the Copyright Office." Reply at 12-13. These arguments are misguided. The Defendants do not seek to undermine the validity of the 059 Registration – it is not disputed that 25 of Mantel's photographs are protected by a

presumptively valid copyright registration. *See* Pl.'s 56.1 Statement ¶ 10; D.s' 56.1 Statement ¶ 13. Rather, what is disputed is whether Mantel's photograph of Yiru Sun is one of those 25 photographs. D.s' 56.1 Statement ¶ 13. For the reasons stated above, Mantel has not pointed to "hard evidence" that would be admissible at trial and answer this question in the affirmative.

For the foregoing reasons, the Defendants are entitled to summary judgment.

## IV. Conclusion

The Defendants' motion for summary judgment is granted. This resolves Docket Number 60. The Plaintiff's motion for partial summary judgment is denied. This resolves Docket Number 61. The Clerk of Court is directed to close the case and issue judgment.

SO ORDERED.

Dated: March ___, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge