UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MANTEL,

               Plaintiff

v.

GANNET COMPANY, INC., HEARST STATIONS, INC., HEARST NEWSPAPERS LLC, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., LENOVO (UNITED STATES) INC., GANNETT SATELLITE INFORMATION NETWORK, LLC, VERIZON SERVICES CORP., TEGNA, INC., MICROSOFT CORPORATION, AOL INC., AND ZAZOOM, LLC

               Defendants

Case No. 16-cv-05277(AJN)

ECF CASE

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT**

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
Edward H. Rosenthal
Andrew J. Ungberg
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

    A.    Factual Background ................................................................................................ 2

    B.    Relevant Procedural History .................................................................................. 2

ARGUMENT .................................................................................................................................. 4

    I.    STANDARD OF REVIEW ON A MOTION FOR RECONSIDERATION ......... 4

    II.    PLAINTIFF'S MOTION FAILS TO MEET THE HIGH STANDARD FOR RECONSIDERATION ...................................................................................... 5

        A.    The Court did not "Overlook" the Mantel Declaration, but Rather Properly Excluded it as a Sanction for Plaintiff's Failure to Participate in Discovery. ................................................................................ 5

        B.    The Motion Improperly Relies on New Legal Arguments that Plaintiff Failed to Raise on his Motion for Summary Judgment. ................ 8

        C.    Plaintiff's Impermissibly Seeks to "Relitigate" Issues Already Addressed in the March 29 Order. ........................................................... 14

CONCLUSION ............................................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anastasiou v. M/T world Tr.*, 338 F. Supp. 2d 406, 420 (E.D.N.Y. 2004) ............................................................10

*Arias-Zeballos v. Tan*, No. 06 Civ.1268, 2008 WL 833225 (S.D.N.Y. Mar. 28, 2008) ..............................................10

*Barone v. S&N Auerbach Management, Inc.*, No. 12-cv-6101(SJF), 2015 WL 4988073 (E.D.N.Y., Aug. 19, 2015).....................................4

*Belfiglio-Martley v. Waterford Country Sch., Inc.*, No. 11 Civ. 125, 2012 WL 1597004 (D. Conn. May 7, 2012) .................................................10

*Camp v. Colvin*, No. 14 Civ.6143, 2014 WL 6474630 (W.D.N.Y. Nov. 19, 2014)...........................................14

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)...................................................................................................................12

*Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290 (S.D.N.Y. 2008).......................................................................................14

*D'Amico v. City of New York*, 132 F.3d 145 (2d Cir. 1998)................................................................................................10, 11

*Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94 (2d Cir. 1999).........................................................................................................4

*El Badrawi v. U.S.*, 787 F. Supp. 2d 204 (D. Conn. 2011) ......................................................................................10

*Fappiano v. MacBeth*, No. 09 Civ.0043, 2010 WL 1839946 (D. Conn. May 7, 2010) ...............................................14

*Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ...............................................12

*Frutiger v. Hamilton Cent. Sch. Dist*, No. 90 Civ. 303, 1993 WL 358480 (N.D.N.Y. Sept. 9, 1993) ................................................13

*Gonzales v. City of New York*, 104 F. Supp. 2d 193 (S.D.N.Y. 2000).......................................................................................13

*Hollander v. American Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999) *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000) ...................................................................................7

*Kaytor v. Elec. Boat Corp.*,
   609 F.3d 537 (2d. Cir. 2010)..............................................................................................10

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
   729 F.3d 99 (2d Cir. 2013)...............................................................................................4, 9

*Link v. Wabash Railroad Company*,
   370 U.S. 626 (1962).............................................................................................................13

*McGraw-Hill Global Education Holdings, LLC v. Mathrani*,
   293 F. Supp. 3d 394 (S.D.N.Y. 2018)..................................................................................9

*Rafter v. Liddle*,
   288 F. App'x 768 (2d Cir. 2008) ........................................................................................11

*Redd v. New York State Division of Parole*,
   923 F. Supp.2d 393 (E.D.N.Y. 2013) ............................................................................5, 15

*Sanga Music, Inc. v. EMI Blackwood Music, Inc.*,
   55 F.3d 756 (2d Cir. 1995).................................................................................................10

*Shrader v. CSX Transportation, Inc.*,
   70 F.3d 255 (2d Cir. 1995)...................................................................................................4

*Urbont v. Sony Music Entm't*,
   831 F. 3d 80 (2d Cir. 2016)................................................................................................10

*Winters v. Am. Express Tax & Bus. Servs., Inc.*,
   No. 04 Civ. 8451, 2007 WL 632765 (S.D.N.Y. Feb. 27, 2007) ...............................................10

**Other Authorities**

Fed. R. Civ. P. 34................................................................................................................11

Fed. R. Civ. P. 34(b)(2)(B) ................................................................................................11

Fed. R. Civ. P. 37(c)(1)........................................................................................................7

Fed. R. Evid. 1002–07 .........................................................................................................7

Federal Rule 60....................................................................................................................4

Federal Rules of Civil Procedure Rule 6.3 and Rule 60(b)(1)..........................................1

Local Rule 6.3..................................................................................................................4, 9

Defendants Gannet Company, Inc., Hearst Stations, Inc., Hearst Newspapers LLC, Toshiba America Information Systems, Inc., Lenovo (United States) Inc., Gannett Satellite Information Network, LLC, Verizon Services Corp., Tegna, Inc., Microsoft Corporation, AOL Inc., and Zazoom, LLC ("Zazoom" and together with all other defendants, "Defendants") submit this Memorandum of Law in opposition to Plaintiff John Mantel's ("Plaintiff" or "Mantel") Motion for Reconsideration or Reargument Pursuant to Local Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Dkt. No. 85 and 86 (the "Motion").

## PRELIMINARY STATEMENT

It is instantly apparent from Plaintiff's motion for reconsideration that he neither appreciates the scale of his negligence in failing to participate in discovery, nor understands the prejudice he has imposed on defendants in this action. "[I]t is highly unjust," he insists, "to dismiss Plaintiff's complaint on a technicality which can be easily remedied at any time." Motion at 1. Plaintiff is wrong. The Federal Rules of Civil Procedure are not a "technicality" and his decision to play fast and loose with his obligations as a litigant in federal court carried appropriate consequences. This Court's decision to preclude Plaintiff from relying on testimony and evidence that he had failed to produce in fact discovery was both justified by the facts and consistent with controlling Second Circuit precedent. Nothing in Plaintiff's last-ditch motion for reconsideration warrants revisiting the Court's Memorandum Opinion and Order dated March 29, 2018.

Reconsideration of a final order is an extraordinary remedy that must be justified by compelling need, such as the discovery of new evidence that could not have been introduced on the original motion, an intervening change in controlling law applicable to the court's earlier decision, or to prevent "manifest injustice." Plaintiff comes nowhere close to meeting this weighty standard. Instead, Plaintiff uses the Motion to introduce new legal theories that he failed

1

to raise in support of his motion for summary judgment and to relitigate issues that the Court already addressed and resolved earlier decision. Plaintiff's mere dissatisfaction with the outcome of that decision, however, is not sufficient to disturb the finality of the Court's judgment. Plaintiff's motion must be denied in its entirety.

## STATEMENT OF FACTS

### A. Factual Background

The substantive facts in this case have not changed since the parties briefed their respective motions for summary judgment, described below. Accordingly, Defendants incorporate by reference the statement of facts contained in Defendants' brief in support of its motion for summary judgment as if set forth here in its entirety. *See* Defendants' Memorandum of Law (i) In Support of Defendants' Motion for Summary Judgment; and (ii) in Opposition to Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 70, ("Defendants' SJ Memo") at 2–5. Capitalized terms not otherwise defined below have the same meaning as in Defendants' SJ Memo.

### B. Relevant Procedural History

On August 25, 2017, pursuant to a stipulated briefing schedule, both Plaintiff and Defendants cross-moved for summary judgment. *See* Dkt. Nos. 60, 61. Plaintiff moved for partial summary judgment on liability against Defendants relating to his claim for copyright infringement and did so based on documents and testimony that had not previously been disclosed to Defendants. *See* Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, Dkt. 62 (the "Plaintiff's SJ Memo") at 4–8; Declaration of John Mantel dated August 23, 2018 (the "Mantel Decl."), Dkt. No. 66 and accompanying exhibits.

On September 22, 2018, Defendants both opposed Plaintiff's motion and moved for summary judgment dismissing his claims on the grounds, in part, that Plaintiff should be

precluded from relying on the Mantel Decl. and accompanying exhibits as a sanction for failing to participate in fact discovery.  *See* Defendants' SJ Memo at 6–13.

On October 20 and November 6, 2018, respectively, Plaintiff and Defendants filed their reply briefs in further support of their motions, *see* Dkt. Nos. 74 and 82.  At no point during this briefing, however, did Plaintiff substantively address his failure to engage in fact discovery or attempt to argue against the discovery sanctions that Defendants sought.  *See* Defendants' Memorandum of Law in Further Support of Motion for Summary Judgment, Dkt No. 82, at 1–6.  Instead, Plaintiff asserted that he was entitled to rely on his copyright registration notwithstanding his failure to produce it or any other documents in discovery, including because the Court had the authority to take judicial notice of the registration.  *See* Plaintiff's Reply Memorandum of Law, Dkt. No. 74 ("Plaintiff's Reply Memo"), at 6–11.

On March 29, 2018, the Court issued a Memorandum Opinion and Order, Dkt. No. 83 (the "March 29 Order"), which denied Plaintiff's motion, granted Defendants' motion, and ordered that the case be closed with judgment in Defendants' favor.  *Id.* at 9.  The Court held that discovery sanctions were warranted against Plaintiff for his failure to disclose documents and testimony in fact discovery, and concluded that "Mantel's affidavit and copyright registration application will not be allowed to supplement the discovery record.  With this evidence excluded, there is nothing from which to infer that the photograph of Yiru Sun is part of the 059 Registration in Mantel's possession." *Id.* at 8.  And, absent a valid copyright registration, Plaintiff's claims failed as a matter of law.

On March 30, 2018, the Clerk of the Court entered judgment in Defendants' favor, *see* Dkt. No. 84; on April 12, 2018, Plaintiff filed the instant motion for reconsideration, *see* Dkt. No. 86.  Defendants now oppose.

3

**ARGUMENT**

**I.     STANDARD OF REVIEW ON A MOTION FOR RECONSIDERATION**

Motions for reconsideration under Federal Rule 60 and Local Rule 6.3 face a high legal standard and are rarely granted.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The Second Circuit has instructed that "reconsideration should be granted *only* when the [moving party] identifies [(i)] an intervening change of controlling law, [(ii)] the availability of new evidence, or [(iii)] the need to correct a clear error or prevent manifest injustice."  *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (emphasis added).

Reconsideration in not warranted where the moving party merely "seeks to introduce additional facts not in the record on the original motion;" "advances new arguments or issues that could have been raised on the original motion;" or "seeks solely to relitigate an issue already decided." *Barone v. S&N Auerbach Management, Inc.*, No. 12-cv-6101(SJF), 2015 WL 4988073, at *4 (E.D.N.Y., Aug. 19, 2015) (*citing Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) and *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). The decision on a motion for reconsideration is within the discretion of the district court and can be reviewed only for abuse of discretion.  *See, e.g.*, *Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 132 (2d Cir. 1999).

## II. PLAINTIFF'S MOTION FAILS TO MEET THE HIGH STANDARD FOR RECONSIDERATION

Plaintiff comes nowhere near the high standard necessary to prevail on a motion to reconsider: the Motion fails to identify any evidence or controlling legal authority that this Court "overlooked," and instead serves as a pretext for Plaintiff to relitigate his failed motion for summary judgment.  "A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion nor a chance for a party to take a second bite at the apple." *Redd v. New York State Division of Parole*, 923 F. Supp.2d 393, 396 (E.D.N.Y. 2013) (citation omitted).  For the reasons discussed below, Plaintiff's Motion should be denied in its entirety.

### A. The Court did not "Overlook" the Mantel Declaration, but Rather Properly Excluded it as a Sanction for Plaintiff's Failure to Participate in Discovery.

Plaintiff's Motion asserts that the Court "overlooked" or made an improper credibility determination about the substance of the Mantel Decl., specifically Paragraph 12, which he claims describes the submission of the Photograph to the Copyright Office as part of his application for the 059 Registration.  *See* Motion at 5–7, 13–14.  Plaintiff ignores, however, the fact that the Court did not "overlook" this evidence or weigh credibility, but instead intentionally precluded the Mantel Decl. from evidence as a sanction against Plaintiff for his failure to disclose any documents or evidence in discovery.  *See* March 29 Order at 8.

*First,* the Court did not commit error by excluding the Mantel Decl. alongside Plaintiff's documentary evidence.  As briefed in full detail in Defendants' SJ Memo, courts possess broad authority under both the Federal Rules and their inherent judicial power to craft appropriate sanctions in response to discovery misconduct.  *See id.* at 8–13 (*citing Winn v. Associated Press*, 903 F. Supp. 575, 580–81 (S.D.N.Y. 1995), *aff'd,* 104 F.3d 350 (2d Cir. 1996) ("The Federal

5

Rules of Civil Procedure were designed to afford each party a full and fair opportunity to conduct discovery necessary for trial preparation. . . . A federal district court possesses broad inherent power to impose sanctions in response to abusive litigation practices, thereby ensuring the proper administration of justice.")). The March 29 Order carefully examined each of the non-exclusive factors that the Second Circuit has held a court must be consider before imposing such sanctions. *See id.* at 6–8 (*citing Design Strategy Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). Moreover, as the Court noted in the order, "Mantel has provided no justification for his failure to produce documents" in his initial briefing, *id.* at 7; the Motion does not attempt to do so now or otherwise object to the Court's authority to impose discovery sanctions. Plaintiff has therefore conceded that the Court acted within its proper authority and in accordance with controlling Second Circuit precedent.

*Second,* the Court's preclusion of Plaintiff's testimony in Paragraph 12 of the Mantel Decl. was neither mistaken nor a "manifest injustice" that warrants reconsideration. It is not disputed that Plaintiff failed to produce *any documents*, including his application for registration, despite having agreed to produce them in discovery. *See* March 29 Order at 3. And, because Plaintiff opted to shirk his discovery obligations under the Federal Rules, he was sanctioned. Excluding Plaintiff's written testimony — limited, essentially, to a single sentence that does little more than describe the contents of the copyright application[1] — is not an "injustice," but flows necessarily from the Court's sanction. Indeed, the Court *must* have the authority to preclude testimony that merely describes the contents of a document as an adjunct to the power to preclude admission of the document itself. Were this not the case, than a court's authority to

---

[1] In relevant part, Plaintiff's precluded statement is: "I caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of my application bearing service request #1-3653740711, dated June 16, 2016." *See* Mantel Decl. ¶ 12.

6

impose sanctions would be rendered toothless: a party could simply refuse to produce documents, secure in the knowledge that he could later rely on a self-serving declaration to establish the contents of those documents despite any preclusion sanction.  This is not the law. Courts have broad powers to not only exclude documents for misconduct, but to bar the sanctioned party from benefiting from the evidence excluded evidence in other ways.  *See* Fed. R. Civ. P. 37(c)(1) (authorizing a court to bar a party that fails to provide "information" with "us[ing] that information . . to supply evidence on a motion" as well as "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence"); *c.f.* Fed. R. Evid. 1002–07 (generally requiring a writing to prove its content and providing that testimony as to a document's content is admissible *if obtained as an admission by the party against whom the content will be used*) (emphasis added).

*Finally*, even if the Court were to consider the substance of the Mantel Decl., Plaintiff's assertion that he "caused a copy of the [] Photograph to be deposited with the U.S. Copyright Office as part of [his] application," this single conclusory statement is insufficient to raise a triable issue of fact because Plaintiff lacks personal knowledge that the Photograph was, in fact, submitted to the Copyright Office as part of the application.[2]  *See Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) ("A court may [] strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements.") *abrogated on other grounds by Schnabel v. Abramson*,

---

[2] Plaintiff's argument that Defendants "conceded" that the Mantel Decl. raises a triable issue of fact rests on a disingenuously narrow reading of Defendants' briefing, which clearly advanced that argument *in the alternative*, "in the event that the Court . . . is willing to consider Mantel's declaration as competent evidence linking the 049 Registration with the Photograph."  *See* Defendants' SJ Memo at 15.  Given the grounds on which the March 29 Order was decided, it is clear that Defendants' alternative argument was not implicated and therefore cannot serve as any sort of "concession" here.

7

232 F.3d 83 (2d Cir. 2000). Tellingly, the Mantel Decl. does *not* say that Plaintiff himself filed the Photograph with the application, only that he "caused" it to be filed; in other words, Plaintiff instructed someone else (presumably his attorneys) to handle the filing, but does not know what was actually submitted in the application. Indeed, there is reason to question whether Plaintiff's counsel ever followed through in submitting the Photograph as instructed: Defendants served Plaintiff with a document request for "[a]ll communications between Plaintiff, or anyone acting on Plaintiff's behalf, and the Copyright Office regarding the Photograph or any other work registered" under the 059 Registration, to which Plaintiff responded "*no such communications exist*." *See* Plaintiff's Responses and Objections to Defendants' First Set of Document Requests, attached as Exhibit C to the Declaration of Andrew Ungberg dated September 22, 2017, Dkt. No. 67–3, at 5 (emphasis added). Either Plaintiff's discovery response contains an uncorrected material misstatement, or Plaintiff and his counsel in fact never communicated with the Copyright Office about the Photograph. In either event, Plaintiff's conduct does not support crediting the bare-bones testimony in Paragraph 12 of the Mantel Decl.

### B. The Motion Improperly Relies on New Legal Arguments that Plaintiff Failed to Raise on his Motion for Summary Judgment.

On their face, Points I, II and IV of Plaintiff's Motion merely are new legal theories that Plaintiff failed to put forward in his briefing on summary judgment. *See* Motion at 5–14 (arguing that "the Court [] overlooked that there is no basis to exclude Mantel's sworn testimony given that the area of his personal knowledge concerning the registration was timely disclosed" and advancing a number of legal theories to support why the Mantel Decl. should be admitted); *id.* at 14 (arguing that Plaintiff's failure to produce documents was justified based on his boilerplate general objections to Defendants' discovery requests); and *id.* at 21–23 (arguing that public policy entitles Plaintiff to a decision "on the merits rather than on technical grounds").

As an initial matter, the fact that Plaintiff did not raise any of these legal arguments in his underlying papers is reason enough to disregard them in their entirety. A motion for reconsideration "*cannot assert new arguments or claims which were not before the court on the original motion*, because [Local] Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters." *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394 (S.D.N.Y. 2018) (emphasis added) (quotations omitted). Plaintiff filed sixty pages of briefing throughout the original briefing schedule, which ought to have provided ample opportunity to make all the legal arguments necessary to support his motion for summary judgment. By neglecting to make those arguments below, Plaintiff waived those arguments and may not properly revive them now.

But even if this Court were to consider Plaintiff's new legal arguments on their merits, none of them identify any "intervening change of controlling law," *Tartikov,* 729 F.3d at 104, that could justify the extraordinary remedy of vacating the March 29 Order. The Motion must therefore be denied.

> 1. *None of Plaintiff's Cases Support that the Court "Must" Credit the Mantel Declaration in the Face of Plaintiff's Discovery Misconduct.*

Plaintiff argues, wrongly, that the Second Circuit has held that "a non-movant's testimony *must* be credited on summary judgment." Motion at 7. The cases in Plaintiff's page-long string citation, however, simply do not support this sweeping conclusion. Instead, these authorities stand for the obvious proposition that a court must avoid making credibility determinations at the summary judgment stage and "draw[] all reasonable inferences from the evidence presented in favor of the non-moving party." *See, e.g.*, *Urbont v. Sony Music Entm't*, 831 F. 3d 80, 88 (2d Cir. 2016). Nothing in these cases require a court to consider evidence that

9

the court has otherwise concluded must be precluded a sanction for the non-movant's serious discovery misconduct. *See generally Urbont*, 831 F.3d at 83 n.1 (noting that the lone party that had failed to participate in discovery had been sanctioned, judgment entered against him, and was not otherwise involved in the appeal at bar); *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 548–49 (2d. Cir. 2010) (discussing that lower court had improperly excluded some of plaintiff testimony on relevancy grounds, but making no mention of discovery sanction or misconduct); *Arias-Zeballos v. Tan*, No. 06 Civ.1268, 2008 WL 833225, at *2–3, 6 (S.D.N.Y. Mar. 28, 2008) (describing plaintiff's failure to comply with local rules regarding proper filing of summary judgment motions and evidence, but declining to take adverse action on the grounds that plaintiff was *pro se*, and otherwise devoid of any discussion of discovery sanctions); *Anastasiou v. M/T world Tr.*, 338 F. Supp. 2d 406, 420 (E.D.N.Y. 2004) (making no mention of accepting evidence despite discovery sanctions or misconduct); *El Badrawi v. U.S.*, 787 F. Supp. 2d 204, 236 (D. Conn. 2011) (same); *Winters v. Am. Express Tax & Bus. Servs., Inc.*, No. 04 Civ. 8451, 2007 WL 632765 (S.D.N.Y. Feb. 27, 2007) (same); *Sanga Music, Inc. v. EMI Blackwood Music, Inc.*, 55 F.3d 756, 761 (2d Cir. 1995) (same); *Belfiglio-Martley v. Waterford Country Sch., Inc.*, No. 11 Civ. 125, 2012 WL 1597004, at *2 (D. Conn. May 7, 2012) (same). All of Plaintiff's authorities are therefore easily distinguishable and cannot serve as a basis to reconsider the March 29 Order.

    2.  *The Court Properly Applied the Second Circuit's Decision in* D'Amico.

  The Motion argues that the Court "ignored" the holding in the Second Circuit's decision in *D'Amico v. City of New York*, 132 F.3d 145 (2d Cir. 1998) and that the Mantel Decl. should be admitted because Plaintiff's testimony is not "wholly fanciful." *See* Motion at 11–12. Plaintiff omits, however, that the March 29 Order cites the very language of *D'Amico*'s holding that he claims the Court disregarded. *Compare* Motion at 12 *with* March 29 Order at 5. In truth, Plaintiff's objection here is not that the Court "ignored" *D'Amico*, but that he disagrees with the

Court's application of the case, which is not a proper grounds for reconsideration. Moreover, as is the case with Plaintiff's other authorities, nothing in *D'Amico* limits a court's authority to preclude evidence as part of a discovery sanction.

Finally, the Motion attempts to bolster the argument that Plaintiff's testimony is not "fanciful" by introducing new facts that are nowhere in the Mantel Decl. or otherwise in the record on summary judgment, including that "Mantel routinely causes his photographs to be registered with the Copyright Office" and "Mantel has twenty-two copyright registrations filed under his name, covering well over 300 photographs and visual works." *See* Motion at 12. These new, unsupported factual contentions are improper and must be disregarded. *See Rafter*, 288 Fed. Appx. at 769 (holding that motions to reconsider are not "vehicles" for introducing "facts not in the original record").

>  3.   *Plaintiff's Boilerplate General Objections to Defendants' Discovery Requests Do Not Justify His Failure to Produce Documents in Discovery.*

In the Motion, Plaintiff argues for the first time that he was justified in not producing any documents in discovery, including a certified copy of the 059 Registration with a deposit copy or his application for copyright registration, on the basis of general objections that he incorporated by reference into each of his responses to Defendants' discovery requests. *See* Motion at 14–16. But Plaintiff's general objections are of no legal significance because they do not comply with Federal Rule 34, as amended as of December 1, 2015. *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring that each response "*state with specificity* the grounds for objecting to the request"). "*[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement* . . . . General objections should rarely be used . . . unless each objection applies to each document request (e.g, objecting to produce privilege material)." *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *1–3 (S.D.N.Y. Feb. 28, 2017) (issuing "a

11

discovery wake-up call to the Bar in this District" about improper general objections) (emphasis added). Accordingly, as a matter of law, Plaintiff's vague, non-specific general objections in response to Defendants' Request No. 1 cannot serve as sufficient notice that he would not produce a deposit copy of the Photograph, particularly given that Plaintiff went on to state that he would "use commercially reasonable efforts to produce responsive, non-privileged" documents. *See* Motion at 15. The March 29 Order, therefore, correctly concluded that "Defendants were entitled to rely on [Plaintiff's] representations and not seek their own certified copy of those same documents." *Id.* at 7.

    4.    *The General Policy In Favor of Resolving Cases on their Merits Does Not Limit the Court's Authority to Control Litigation by Imposing Appropriate Discovery Sanctions.*

After having all but abandoning this case throughout fact discovery, Plaintiff's sudden zeal for "deciding cases on the merits" and "vinidicat[ing] the public interest" rings hollow. *See* Motion at 21–23. The general public policy in favor of resolving cases on their merits does not limit a court from using its inherent powers, consistent with controlling precedent, to exclude evidence and even dismiss a plaintiff's claim outright if warranted by plaintiff's misconduct. Moreover, none of Plaintiff's cases rise to the level of controlling authority that would require this Court to revisit its decision to preclude the Mantel Decl., or allow Plaintiff to proceed to trial notwithstanding his misconduct.

*First*, although there is a general preference for deciding a controversy on its merits if possible, courts are vested with authority under the Federal Rules and their inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (collecting cases and summarizing the federal courts' powers to control cases and litigants, including the "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates" and to

"fashion an appropriate sanction for conduct which abuses the judicial process"). This authority includes, among others, the "power [] of ancient origin" to "dismiss a plaintiff's action with prejudice because of his failure to prosecute" his claims, which is "necessary in order to prevent undue delays in the disposition of ending cases and avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Company*, 370 U.S. 626, 629–30 (1962) (affirming dismissal of plaintiff's action with prejudice based on his counsel's failure to appear for a pretrial hearing). Given the serious nature of Plaintiff's failure to participate in discovery, the Court was well within its authority to sanction him by precluding him from introducing new documents and relying on the Mantel Decl. *See* March 29 Order at 7 ("[A]lthough the Court recognizes that the excluded evidence is plainly important, *it would be awarding gamesmanship and a failure to follow the rules* if the Court allowed the evidence into the record.") (emphasis added).

*Second*, none of Plaintiff's cited authorities constitute "overlooked" controlling precedent applicable to the case at bar here, where Plaintiff's claims were dismissed as result of his own failure to put forward evidence to support his claims through discovery. Moreover, not only are these cases factually distinguishable, but they generally have no legal relevance to this case beyond Plaintiff's selectively quoted dicta. *See*, *e.g., Frutiger v. Hamilton Cent. Sch. Dist*, No. 90 Civ. 303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993) (denying motion to reconsider order vacating confidential settlement and setting trial date based on plaintiff's breach of the parties' settlement agreement); *Gonzales v. City of New York*, 104 F. Supp. 2d 193, 198 (S.D.N.Y. 2000) (granting motion to vacate default judgment to avoid a "windfall" for plaintiff where he had abruptly severed settlement talks with defendants and filed for default "with no notice whatsoever"); *Fappiano v. MacBeth*, No. 09 Civ.0043, 2010 WL 1839946 at *2 (D. Conn. May 7, 2010) (holding plaintiff's motion to vacate certain arbitration awards in abeyance

pending defendant's efforts to find new counsel); *see also Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295–96 (S.D.N.Y. 2008) (resolving post-trial motion for prevailing party attorney's fees and awarding such fees to plaintiff where he had "prevailed in every stage of the litigation"). If anything, *Camp v. Colvin*, No. 14 Civ.6143, 2014 WL 6474630 (W.D.N.Y. Nov. 19, 2014)[3] undercuts Plaintiff's position. In *Camp*, the court dismissed the plaintiff's complaint with prejudice on the grounds that he had filed it after the relevant deadline, noting "[a]lthough there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds, *the courts have strictly construed the deadlines* for filing actions against" the government. *Id.* at *2 (emphasis added); *c.f.* Motion at 21 (partially quoting the *Camp* decision of context). As in *Camp*, Plaintiff's failure to meet important deadlines in this case — the close of fact discovery — can and should result in the dismissal of his case without reaching the merits.

\* \* \* \*

For the foregoing reasons, Plaintiff's many novel legal arguments ought to be disregarded and, in any event, fail to provide adequate grounds on which to reconsider the March 29 Order. The Motion should be denied in its entirety.

### C. Plaintiff's Impermissibly Seeks to "Relitigate" Issues Already Addressed in the March 29 Order.

Point III of Plaintiff's Motion makes two arguments that are nearly *verbatim copies* of the same arguments that Plaintiff previously made on summary judgment; Plaintiff's use of such copy-paste briefing is emblematic of his lackadaisical approach to litigating this entire action. *Compare* Plaintiff's Rely Memo at 9–11 (arguing that the 059 Registration satisfies all statutory

---

[3] *See* Motion at 21.

14

requirements for a group registration) *with* Motion at 17–19 (same); *compare also* Plaintiff's Reply Memo at 11–13 (arguing that Defendants cannot prove that the Photograph is *not* on deposit with the Copyright Office) *with* Motion at 19–20 (same).  The Court addressed and denied these arguments in the March 29 Order, *id.* at 8–9, and Plaintiff points to no new evidence or change in controlling law that would justify revisiting the Court's decision.  "A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling . . . [or] a chance for a party to take a second bite at the apple." *Redd*, 923 F. Supp.2d at 396. Accordingly, these recycled arguments must be disregarded outright.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court decline Plaintiff's invitation to revisit the March 29 Order and deny the Motion to Reconsider in its entirety.

Dated: May 10, 2018                    **FRANKFURT KURNIT KLEIN & SELZ, P.C.**

By: */s/ Andrew J. Ungberg*
Andrew J. Ungberg
Edward H. Rosenthal
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*