UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MANTEL,

Plaintiff,

- against –

GANNETT COMPANY, INC., HEARST
STATIONS, INC., HEARST NEWSPAPERS,
LLC, TOSHIBA AMERICA INFORMATION
SYSTEMS, INC., LENOVO (UNITED
STATES) INC., GANNETT SATELLITE
INFORMATION NETWORK, LLC, VERIZON
SERVICES CORP., TEGNA, INC.,
MICROSOFT CORPORATION, AOL INC.,
AND ZAZOOM, LLC

Defendants.

Docket No. 16-cv-5277 (AJN)

ORAL ARGUMENT
REQUESTED

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL
RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... ii

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................ 2

LEGAL STANDARD........................................................................................................ 2

ARGUMENT ..................................................................................................................... 4

A.   THE DISTRICT COURT'S SANCTIONS (AND RESULTING DISMISSAL OF
     PLAINTIFF'S CLAIM) IS PREMISED ON AN INCORRECT FINDING THAT
     PLAINTIFF'S TESTIMONY WAS WITHHELD DURING DISCOVERY WHEN IT
     WAS, IN FACT, TIMELY DISCLOSED UNDER RULE 26(a) ........................................ 4

B.   MANTEL'S SWORN TESTIMONY IS SUFFICIENT, IN AND OF ITSELF, TO
     SURVIVE SUMMARY JUDGMENT ................................................................................ 6

C.   DEFENDANT NEVER ASKED THE COURT TO STRIKE PLAINTIFF'S TESTIMONY
     UNDER RULE 37 AND PLAINTIFF WAS THEREFORE NOT PROVIDED THE
     OPPORTUNITY TO ADDRESS THE ARGUMENT........................................................... 8

D.   THE DISTRICT COURT ALSO OVERLOOKED PLAINTIFF'S WRITTEN
     OBJECTIONS TO PRODUCING DOCUMENTS THAT ARE A MATTER OF PUBLIC
     RECORD ........................................................................................................................ 9

CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Baum v. Village of Chittenango*,
    218 F.R.D. 36, 40–41 (N.D.N.Y.2003) ............................................................... 9

*D'Amico v. City of New York*,
    132 F.3d 145, 149 (2d Cir. 1998) ...................................................................... 7

*Design Strategy Inc. v. Davis*,
    469 F.3d 284, 296 (2d Cir. 2006) ...................................................................... 5

*Fischer v. Forrest*,
    No. 14 Civ. 1304, 2017 WL 773694, at *1-3 (S.D.N.Y. Feb. 28, 2017) ................. 10

*International Controls Corp, v. Vesco*,
    556 F.2d 665, 670 (2d Cir. 1977) ...................................................................... 3

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
    168 F.3d 347, 350 (9th Cir. 1999) ..................................................................... 3

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
    729 F.3d 99, 104 (2d Cir. 2013) ........................................................................ 4

*Kulak v. City of New York*,
    88 F.3d 63, 71 (2d Cir. 1996) ........................................................................... 8

*Lugo v. Artus*,
    No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) ............. 3

*Patterson v. Balsamico*,
    440 F.3d 104, 117 (2d Cir. 2006) ...................................................................... 5

*Rumsey v. New York State Dep't of Corr. Servs.*,
    580 F.Supp. 1052 (N.D.N.Y.1984) .................................................................... 3

*S.E.C. v. Strauss*,
    No. 09-civ-4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009) ............................. 9

*Sanofi-Synthelabo v. Apotex, Inc.*,
    363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005). ....................................................... 2

*Securities and Exchange Commission v. Samuel H. Sloan & Co.*,
    369 F.Supp. 994, 995 (S.D.N.Y.1973) ............................................................... 9

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) ..................................................... 2

## **RULES**

Fed. R. Civ. P. 60(b)(1).......................................................................................................... 1,3

Local Civil Rule 6.3 ............................................................................................................... 1, 2

Fed.R.Civ.P. 26(a) ......................................................................................................... passim

## INTRODUCTION

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff John Mantel ("Plaintiff" or "Mantel"), via counsel, respectfully submits this reply memorandum of law in further support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated March 29, 2018 (the "March 29 Order"), which denied Plaintiff's motion for summary judgment and granted summary judgment in favor of Defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. [ECF Docket ("Dkt.") #83, Order].

In opposition to Plaintiff's motion, Defendant argues that the Court sanctioned this meritorious case out of existence by striking Plaintiff's uncontradicted testimony from the record.  The Court's grounds for doing so, Defendant argues, is because Plaintiff did not produce public record documents during the discovery period which, the record conclusively demonstrates, he objected to producing on grounds that they were a matter of public record and equally accessible to Defendant.

According to Defendants, the "Court held that discovery sanctions were warranted against Plaintiff for his failure to disclose documents <u>and</u> testimony in fact discovery." [Defendant's Memorandum in Opposition, Dkt. #89 ("D's Opp. Memo"), p. 7 of 19 (underline added)]  But therein lies the critical piece of the record that the Court overlooked in the March 29 Order: <u>as per Rule 26(a), Plaintiff did disclose the subject matter of his testimony during discovery</u>.  So Defendants had ample notice of the subject matter of Mantel's testimony long before summary judgment was briefed but never bothered to depose him.

Moreover, as part of their summary judgment brief, Defendants never asked the Court to strike Mantel's testimony; it only requested that the Court preclude documents not disclosed

during discovery.  But despite the absence of such request, the Court excluded Mantel's testimony *sua sponte* without providing Mantel notice or opportunity to be heard.  This was clear-cut judicial error.  As a matter of law, Mantel's uncontradicted testimony in opposition to Defendant's motion for summary judgment <u>must</u> be credited by the Court.  Only the fact-finder can determine that Mantel's testimony is not credible.

Had the Court considered Plaintiff's initial disclosures under Rule 26(a), and the fact that Plaintiff objected in writing to producing documents that were a matter of public record, then the Court would not have granted summary judgment in Defendant's favor on the basis of Rule 37 discovery sanctions.  As a result, the Court's granting of this motion for reconsideration is warranted.

## STATEMENT OF FACTS

Plaintiff respectfully incorporates by reference his statement of facts as set forth in his opening brief on the present motion.

## LEGAL STANDARD

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y.2005).

2

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

Although Defendants argue that Plaintiff does not meet the standards under Local Rule 6.3, they have not made any attempt to address Plaintiff's arguments under Rule 60(b)(1) which provides an independent basis to challenge the Court's ruling.

## ARGUMENT

**A.    THE DISTRICT COURT'S SANCTIONS (AND RESULTING DISMISSAL OF PLAINTIFF'S CLAIM) IS PREMISED ON AN INCORRECT FINDING THAT PLAINTIFF'S TESTIMONY WAS WITHHELD DURING DISCOVERY WHEN IT WAS, IN FACT, TIMELY DISCLOSED UNDER RULE 26(a)**

Defendant concedes that reconsideration may be granted where there is a "need to correct a clear error or prevent manifest injustice."  [D's Opp. Memo, p. 8 of 19 (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Defendant also concedes that reconsideration is warranted where the Court overlooked evidence on the record.  [*Id.* at p. 9 of 19].  While Defendant argues that Plaintiff has not identified such evidence, the record shows otherwise.

The first piece of evidence that the Court overlooked is Plaintiff's initial disclosures under Rule 26(a). On February 13, 2017, Mantel provided his Rule 26(a)(l) initial disclosures to Defendants. [Pl.'s Initial Disclosures, Dkt. # 67-5].  Mantel identified himself as a witness and provided his expected area of knowledge as: "***Knowledge regarding*** the creation, licensing and ***registration of the copyrighted work at issue***." (boldface added). [*Id.*]

But in the March 26 Order, the Court states:

"Even assuming that this evidence [including Plaintiff's testimony] would be sufficient to survive a motion for summary judgment on the issue of possession of a valid copyright, it was not produced during discovery, and the Court concludes that it is appropriate in this case to prevent the Plaintiff from supplementing the factual record on this motion for summary judgment with information and material and that was withheld during the course of discovery."  [Dkt. # 83, p. 6 of 9]

The Court's finding makes clear that it overlooked Plaintiff's Rule 26(a) disclosure statement [Dkt. # 67-5], which is evidence on the record showing that Mantel timely disclosed the subject matter of his testimony concerning the registration process.  Accordingly, the Court's finding that Mantel's testimony was "not produced during discovery" is plainly erroneous.

4

Defendants were on notice of Mantel's testimony throughout the discovery period but never bothered to depose him.  As such, there is no legal or factual basis to impose case-terminating sanctions with respect to Mantel's sworn testimony.

The cases relied upon by the Court to sanction Plaintiff are *Design Strategy Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) and *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), which held that in order to impose discovery sanctions under Rule 37, the Court must consider "the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the [excluded evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." [Order, p. 7 of 9]

In *Design Strategy*, the plaintiff failed to disclose his "lost profits" as even a "category" of "damages" sought on its Rule 26(a) Initial Disclosure Statement and failed to supplement under Rule 26(e).  Yet, shortly before the commencement of trial, the plaintiff for the first time identified names of two witnesses who would testify as to lost profits.  The Second Circuit affirmed the district court's exclusion of the undisclosed witnesses on grounds that defendants were without notice that such claims would be an issue until they were provided shortly before trial.  *Id.,* 469 F.3d at 296.  Here, in stark contrast, Mantel was actually disclosed as a witness as part of his Rule 26(a) Initial Disclosure Statement concerning his knowledge of the copyright registration process.  Defendants were therefore on notice throughout the *entire* discovery period that Mantel was going to testify that the Photograph was on deposit with the applicable copyright registration. Thus, *Design Strategy* is wholly inapposite.

In *Patterson*, two defendants violated Rule 26(a)(3) by not timely disclosing the names of witnesses they planned to call at trial.  440 F.3d at 117.  The district court granted the plaintiff's

motion to preclude, except as to one witness who was named in the original complaint and whose testimony reasonably could have been anticipated.  *Id.*  Accordingly, *Patterson* actually supports Mantel's position here because Mantel was fully disclosed and his testimony regarding the registration process could have been anticipated.

In short, because Mantel's testimony was fully and timely disclosed as part of his Rule 26(a) Initial Disclosure Statement, the Court erred in striking his testimony under the Second Circuit's rulings in *Design Strategy* and *Patterson.*


**B.    MANTEL'S SWORN TESTIMONY IS SUFFICIENT, IN AND OF ITSELF, TO SURVIVE SUMMARY JUDGMENT**

On August 23, 2017, Mantel submitted a sworn declaration to the Court in support of his motion for summary judgment and in opposition to Defendant's cross-motion for summary judgment. [Mantel Declr., Dkt. #66]. Mantel testified that he is in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 2-007-059, with effective registration date of June 16, 2016.  [*Id.,* ¶ 10]. Defendant does not dispute this fact. [Def. Responses to Pl. Rule 56.1 Statement, Dkt. #71, ¶ 10].  Mantel also testified that he "caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of my application bearing service request #1-3653740711, dated June 16, 2016." [Dkt. #66, ¶ 12].

Defendant argues that the Court could strike Mantel's testimony because it refers to a document, i.e. the application, which was not produced during discovery. [Dkt. #89, pp. 10-11 of 19].  As stated in Mantel's opening brief here, he properly objected to disclosing documents that were part of the public record and equally accessible to Defendants.  [Dkt. #67-3, ¶¶ 5, 7, 8]  In response to Mantel's written objections, Defendants did nothing and should therefore not be

heard to complain now.  Moreover, the application itself does not contain any photographs or images, so the application document is not itself dispositive of the issue.  Since Mantel created the photograph and has personal knowledge that it was deposited with the Copyright Office as part of the 059 Registration, it is his testimony (not the document) that is controlling.

Defendant also argues that even if Mantel's testimony were not precluded, he lacks personal knowledge of the registration process because he testifies that he "caused" the Photograph to be deposited.  [Dkt. #89, p. 11 of 19]  But by causing the photograph to be deposited as part of the registration, Mantel obviously had knowledge of and was involved in the process.  Indeed, the registration never could have been completed without his direct and active involvement given that he created the photograph and communicated his intention to protect his work.

Defendants now speculate that Mantel "does not know what was actually submitted in the application" on the theory that his lawyers handled the registration process. [Dkt. # 89, p 12 of 19].  But Defendant's speculation does not amount to hard evidence.  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (the "non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.")  Defendants had a full and fair opportunity to challenge the *extent* of Mantel's personal knowledge concerning the registration process, but they never bothered to depose him prior to summary judgment and therefore have no hard evidence to refute Mantel's sworn testimony.  Mantel's testimony remains wholly uncontradicted.

In short, Mantel's sworn testimony, standing alone [Dkt. #66, ¶ 12], is sufficient to establish that the Photograph is on deposit with the 059 Registration or, at the very least, sufficient to create a material issue of fact as to whether the Photograph is on the deposit for

purposes of surviving summary judgment.  It is the fact-finder's role to determine matters of

Mantel's credibility and there is nothing in the record to suggest that Mantel has offered false or

misleading testimony.  See *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("[i]n

deciding a summary judgment motion, a court must not 'weigh the evidence, or assess the

credibility of witnesses, or resolve issues of fact.')

C.   **DEFENDANT NEVER ASKED THE COURT TO STRIKE PLAINTIFF'S
     TESTIMONY UNDER RULE 37 AND PLAINTIFF WAS THEREFORE NOT
     PROVIDED THE OPPORTUNITY TO ADDRESS THE ARGUMENT**

Defendant argues that Plaintiff never raised the issue of Mantel's testimony during the

summary judgment briefing.  [Dkt. #89, p. 13 of 19].  But that's because Defendants never asked

the Court to strike such testimony.

In its opening brief on summary judgment [Docket #70], Defendants asked the Court to

exclude documentary evidence that was not disclosed during the discovery period and to bar

Mantel from seeking to introduce evidence of his actual damages.  [*See* Dkt. #70, p. 18 of 34

("this Court should (i) bar Mantel seeking to introduce any evidence of his actual damages or lost

profits; and (ii) exclude from consideration any documentary evidence that Mantel did not

produce during the course of fact discovery."]. At no point during the briefing of the cross-

motions for summary judgment did Defendants ever ask the Court to exclude Plaintiff's

testimony concerning the registration process which was, of course, fully and timely disclosed as

part of Plaintiff's Rule 26(a) Initial Disclosures. [Dkt. # 67-5]

The Court's exclusion of Mantel's sworn and uncontradicted testimony was therefore

effectuated *sua sponte*.  But because Defendants never sought to exclude Mantel's testimony

during the briefing process, Plaintiff was not placed on notice that his testimony could be

stricken.  In the absence of Defendants' request to strike Mantel's testimony, Plaintiff should

have been provided a full and fair opportunity to address the Court's concerns by an Order to

Show Cause.  Instead, the Court struck Mantel's testimony without warning, resulting in the

dismissal of Mantel's meritorious claims.  But given that Mantel's testimony was fully and

timely disclosed during the discovery period and never challenged by Defendants via deposition,

such exclusion constituted clear-cut judicial error that should be remedied via Rule 60(b).

**D.      THE DISTRICT COURT ALSO OVERLOOKED PLAINTIFF'S WRITTEN
OBJECTIONS TO PRODUCING DOCUMENTS THAT ARE A MATTER OF
PUBLIC RECORD**

The record shows that Mantel timely objected to producing <u>any</u> documents which were

inconsistent with obligations imposed by the Copyright Act [Dkt. #67-3, General Objections, ¶

5][1]; not in his possession, custody or control [*Id.* at ¶ 7][2]; and, most importantly, which are

"contained in public records or otherwise in the public domain and/or accessible to all parties."

[*Id.* at ¶ 8][3].   These are not "vague, non-specific objections," as Defendants claim [Dkt. # 89, p.

16 of 19], but highly detailed written objections on the record which provide sufficient

justification for why Plaintiff did not produce public record documents.

---

[1] "Mantel objects to each Request, and to each of the definitions and instructions included in the
Requests, to the extent they require Mantel to . . . process documents in a manner outside of Mantel's ordinary
course of business, or purport to impose obligations beyond, or inconsistent with, those imposed by the Federal
Rules or the Local Rules, or any other applicable statute, regulation, rule, or court order." [Dkt. #67-3, General
Objections, ¶ 5]

[2] "Mantel objects to each Request to the extent it purports to require production of documents that are not within
Mantel's possession, custody and/or control. Mantel will produce responsive documents only with respect to
information or documents within its possession, custody, and/or control" [Dkt. #67-3, General Objections, ¶ 7]

[3]  "Mantel objects to each Request as unduly burdensome to the extent it seeks documents . . . contained in public
records or otherwise in the public domain and/or accessible to all parties." [Dkt. #67-3, General Objections, ¶ 8]. "It
is well-established that discovery need not be required of documents of public record which are equally accessible to
all parties." *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y.1973);
*see also S.E.C. v. Strauss*, No. 09-civ-4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009) ("Courts have declined to
compel production of documents in the hands of one party when the material is equally available to the other party
from another source."); *Baum v. Village of Chittenango*, 218 F.R.D. 36, 40–41 (N.D.N.Y.2003)  ("[C]ompelling
discovery from another is unnecessary when the documents sought are equally accessible to all.").

Defendants concede in their opposition brief that General Objections may be used where "'each objection applies to each document request (e.g., objecting to produce privilege material). *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *1-3 (S.D.N.Y. Feb. 28, 2017).'" [Dkt. #89, p. 15 of 19].  That's precisely the case here: Plaintiff's written general objection to producing public record documents that can be easily obtained by Defendants applies to <u>each and every one</u> of Defendants' requests.  Accordingly, Plaintiff had substantial justification for withholding public record documents, particularly given that Defendant never complained during discovery nor filed a Rule 37 motion with the Court.

In short, Defendants' blanket accusations that Plaintiff failed to participate in discovery is belied by the record, which shows that Plaintiff acted consistent with his written objections

<u>**CONCLUSION**</u>

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration or reargument under L.R. 6.3 and under Rule 60(b)(1), vacate its Order [Dkt. #83] and direct the Clerk of Court to restore the case to calendar so as to permit the case to be decided on the merits.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.
James H. Freeman
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff John Mantel*