UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JAN 3 0 2019

John Mantel,

    Plaintiff,

—v—

Microsoft Corporation et al.,

    Defendants.

16-cv-5277 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff John Mantel brought claims under the Copyright Act and Digital Millennium Copyright Act, alleging that one of his photographs was used without authorization. On March 29, 2018, the Court issued a Memorandum Opinion and Order granting summary judgment to Defendants. Order, Dkt. No. 83. Now before the Court is Plaintiff's motion for reconsideration of the Court's order. Dkt. No. 85. For the reasons set forth below, Plaintiff's motion is denied in its entirety.

I. Background

The Court assumes familiarity with this matter, the factual background of which is more fully described in this Court's March 29 order. Order at 1-4.

II. Legal Standard

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This standard is exigent because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In*

1

*re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001) (internal quotation marks omitted).

### III. Discussion

Plaintiff challenges the Court's decision on a number of grounds. The Court will first address challenges to its decision to exclude evidence Plaintiff provided in support of his motion for summary judgment. The Court will then address Plaintiff's other arguments.

#### A. The Court Properly Excluded Plaintiff's Declaration as a Sanction for Plaintiff's Conduct During Discovery

In its March 29 Order, the Court excluded evidence Plaintiff put forward to support his claim that he held a valid copyright to the photograph in question: (1) a sentence in Plaintiff's sworn declaration stating that he "caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of my application bearing service request #1-3653740711, dated June 16, 2016, . . . and (2) a copy of the copyright registration application that Mantel sent to the U.S. Copyright Office[.]" Order at 6 (citations omitted). The Court concluded that because neither of these documents, nor the information within, had been turned over to Defendants during discovery—and because the Court explicitly told the parties that they could not supplement the record with late discovery—Plaintiff could not use them to supplement the factual record on a motion for summary judgment. *Id.* at 6-8. The Court therefore excluded the sentence quoted above from Plaintiff's declaration and the copy of the copyright registration application. Plaintiff objects to these sanctions on several grounds, none of which are sufficient to meet the high bar for a motion for reconsideration.

Plaintiff first objects that the Court overlooked that he had fully and timely disclosed his testimony during discovery. The sole basis for Plaintiff's claim is the fact that in his Initial Disclosures he identified himself as a witness with "knowledge regarding," *inter alia*, "the

2

registration of the copyrighted work at issue." Pl. Mot., Dkt. 86, at 5-6. As an initial matter, Plaintiff did not raise this argument in his briefing on the parties' cross-motions for summary judgment. *See* Pl. Summ. Judg. Rep., Dkt. 74, at 7-9. This in itself is sufficient to warrant denying this argument. *See, e.g., Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) ("A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced[.]'" (quoting *Associated Press v. United States Dep't of Defense*, 395 F.Supp.2d 17, 19 (S.D.N.Y.2005)). Moreover, the Court excluded the evidence because neither the documents nor the information within had been produced in discovery. Plaintiff is incorrect that his initial disclosure warrants reconsidering the Court's conclusion that the excluded information was not produced in discovery; stating in the broadest terms that Plaintiff has "knowledge regarding" a copyright's registration is simply not the same thing as declaring that he caused the specific photograph to be deposited as part of a specific application.

Even if Plaintiff's Initial Disclosures had provided notice of the excluded information in his declaration in a general way, excluding it would have still been an appropriate sanction for Plaintiff's behavior during discovery. "A federal district court possesses broad inherent power to impose sanctions in response to abusive litigation practices, thereby ensuring the proper administration of justice." *Winn v. Associated Press*, 903 F. Supp. 575, 581 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 350 (2d Cir. 1996). In this case, the Court, considering and balancing the factors provided by the Second Circuit in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006), concluded that it was necessary to impose discovery sanctions based on Plaintiff's failure to provide an explanation for not producing any documents during discovery, apparent gamesmanship, disregard for the rules and this Court's express admonition, and significant prejudice to Defendants. Order at 6-8. And as Defendants point out, allowing Plaintiff to submit via declaration the evidence that he withheld during discovery would allow him an end-run

3

around the Court's sanctions. Plaintiff provides no persuasive justification for reconsidering this decision, much less reasons that could meet the high standard on a motion for reconsideration.

Plaintiff next contends that the Court's exclusion of his testimony was improper because a Court must credit a non-movant's testimony at the summary judgment stage. Pl. Mot. at 7-13. That of course is true, yet none of the cases cited by Plaintiff stand for the proposition that a Court may never exclude certain testimony at the summary judgment stage as sanction for discovery misconduct. Def. Mot. Opp. at 9-10. Instead, these cases merely stand for the well-travelled assertion that a Court should not make credibility determinations or ignore uncontroverted testimony that is part of the record. *Id.* In addition, courts regularly make evidentiary rulings at the summary judgment stage and do not rely on evidence they exclude. *See, e.g., Raskin v. Wyatt Co.*, 125 F.3d 55, 66-67 (2d Cir. 1997). Thus, the Court rejects that argument as orthogonal to its prior decision.

Plaintiff further argues that the Court overlooked his objections to producing a certified deposit from the U.S. Copyright Office, which would purportedly justify his failure to produce this evidence during discovery. Pl. Mot. at 14-16. Plaintiff also raises this argument for the first time in his motion for reconsideration, which is itself grounds for denying it. *See Liberty Media Corp.*, 861 F. Supp. 2d at 265. As to the merits of this argument, Plaintiff's discovery objections would not have justified his failing to produce the evidence that the Court excluded: his testimony and a copy of his copyright application form. Defendants requested "all documents" relating to Plaintiff's allegation that the photograph in question was part of the relevant registered copyright and "all communications between Plaintiff, or anyone acting on Plaintiff's behalf, and the Copyright Office regarding the Photograph[.]" Order at 2-3. Plaintiff provided no documents in response, objecting that he would not produce documents that were "inconsistent with obligations imposed by the copyright act," "not in his possession, custody, or control," or which were "contained in public records or otherwise in the public domain and/or accessible to all parties." Pl. Mot. at 14-15. As an initial matter, these vague, general objections to producing any discovery at all lacked the requisite specificity. *See Fischer v. Forrest*, No.

4

14CIV1304 (PAE), 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017). Beyond that, Plaintiff does not even argue that these objections would have justified withholding the information and documents that the Court excluded—focusing instead on whether he could be compelled to produce certified deposits, which would require paying a fee. Pl. Mot. at 14-16. Nor does Plaintiff explain how his claim during discovery that *no* communications existed between himself or anyone acting on his behalf and the Copyright Office regarding the photograph in question is consistent with the evidence he sought to produce after discovery ended. Def. Mem. Opp. at 18. Finally, the Court's sanctions were also based on misconduct beyond just the initial failure to disclose evidence, including Plaintiff's reliance on unproduced evidence even after the Court's clear admonition that late efforts to produce discovery would not be tolerated. Order at 7. Plaintiff's initial objections to discovery therefore fall far short of requiring reconsideration of the Court's decision.

Plaintiff further argues that because Defendants did not raise the issue of striking his testimony in their summary judgment briefing, he should have been given a greater opportunity to contest that argument. Pl. Mot. Rep. at 8-9. It is certainly true that "[n]o sanction should be imposed without giving the disobedient party notice of the particular sanction sought and an opportunity to be heard in opposition to its imposition." *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013), *as amended* (Nov. 26, 2013). Yet the Second Circuit has noted that "in the Rule 37 context, [it has] declined to impose rigid requirements on either the timing or the form of the notice afforded to a sanctioned party" and has found that a single day of notice and the ability to be heard in writing can be sufficient. *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 270 (2d Cir. 1999). Here, Plaintiff had more than sufficient notice and opportunity to dispute Defendants' request for sanctions in the briefing on the parties' cross-motions for summary judgment. Defendants' lead argument in their briefing in support of their motion for summary judgment explicitly argued that because Plaintiff "chose not to participate in discovery" and then "moved for partial summary judgment on the basis of documents and information that were never produced or disclosed in the course of fact discovery[,]" Plaintiff had engaged in

5

"prejudicial litigation by ambush" that warranted "preclusion of all evidence that Mantel failed to produce in discovery." Def. Mot. Summ. Judg., Dkt. 70, at 6. Defendants repeatedly made clear that they sought preclusion of "*any* evidence to establish the merits of [Plaintiff's] claim," "*any* documentary evidence that Mantel did not produce during the course of fact discovery[,]" and "*all* documentary evidence submitted in support of his Motion[.]" *Id.* at 8-9, 13, and 14 (emphases added). Plaintiff contested these arguments in his reply. Pl. Summ. Judg. Rep. at 7-9. Beyond that, the reasons for partially excluding Plaintiff's testimony are nearly identical to those for excluding the registration application—and even Plaintiff does not deny that he had sufficient opportunity to address those arguments. *See Funk v. Belneftekhim*, 861 F.3d 354, 369-70 (2d Cir. 2017) (finding that notice was sufficient even when a Court did not warn a party of the specific sanction it imposed, because "for purposes of notice" there is "little practical difference" between similar remedies when the party had notice of the reasons for the sanctions and the general result of the sanctions). Finally, well before he moved for summary judgment, Plaintiff was on notice from the Court's admonition at a hearing that his efforts to subvert the discovery schedule set by the Court would not be allowed. Order at 7. Therefore, the Court finds that Plaintiff had sufficient notice and opportunity to contest the partial exclusion of his testimony.

Finally, Plaintiff argues that because the Court excluded the evidence, it had improperly decided this case on "technical grounds" instead of on the merits. Pl. Mot. at 21-22. This argument is meritless. A preference for deciding cases on the merits informs but does not foreclose the Court's authority to sanction parties under the Federal Rules, nor its inherent authority to impose sanctions, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). The Court's sanctions here were a permissible exercise of its authority, taken after considering the factors provided by the Second Circuit in *Design Strategy*, 469 F.3d at 296.

Because the Court properly excluded the evidence, it is unnecessary to reach the question of whether, had it not been excluded in part, Plaintiff's Declaration was sufficient in and of itself to survive summary judgment. Pl. Mot. at 12-13, 14; Pl. Mot. Rep. at 7-8.

B. **Plaintiff's Further Arguments Are Meritless**

Lastly, Plaintiff asserts that the Court's Order failed to place the burden of showing the invalidity of his copyrights on Defendants. Pl. Mot. at 16-20. Yet as the Court already explained in the Order itself, these arguments about the registration's *validity* are irrelevant. Order at 8-9. The Court did not find that the registration at issue was invalid, but rather that Plaintiff failed to provide any actual evidence that would show that the photograph in question was part of that registration.

Plaintiff's argument that the Court should vacate its Order to allow Defendants to obtain a certified deposit copy from the U.S. Copyright Office is similarly meritless. Plaintiff cites no authority in support of this procedure, which would entirely undermine the Court's sanction on Plaintiff, placing the burden on Defendants to produce evidence that Plaintiff withheld in the first place.

## IV.  Conclusion

For the above reasons, Plaintiff's motion for reconsideration is DENIED. This resolves docket numbers 85 and 87.

SO ORDERED.

Dated: January 30, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge